54 127
95 276

THOMAS MITCHELL v. FRANKLIN WELLS.

*Action at law on partnership obligation—Proof of set off.*

1. An obligation legal in form can be sued at law; and a note by one partner to another, even if made to him as a trustee for the firm's benefit, can be sued at law according to its terms, and the defense that it is a partnership matter must either be made at law or under proceedings brought by defendant in equity to establish it.

2. The burden of proving set-offs is always on the defendant who desires to establish them; and it does not fall on plaintiff even where the suit is on an obligation that has been received in consideration of the renewal of the set-offs.

Error to St. Joseph. (Pealer, J.) June 5.—June 11.

ASSUMPSIT. Defendant brings error. Affirmed.

*H. H. Riley* and *J. B. Shipman* for appellant. Accounts between a partner and the firm must be adjusted in equity: Parsons on Partnership 268, n. *f.;* 282, n. *g.;* Collyer on Part. § 281, n. 1; settlements between partners can only be enforced by bill: *Collamer v. Foster* 26 Vt. 754; *Niven v. Spickerman* 12 Johns. 401; partners cannot generally sue each other at common law: *Casey v. Brush* 2 Cai. 296; not even on a stated account, without proof of an express promise to pay: *Murray v. Bogert* 14 Johns. 318; *Halsted v. Schmelzel* 17 Johns. 80; *Westerlo v. Evertson* 1 Wendell 532; nor bring assumpsit on a balance due on a settlement of their partnership account: *Gulick v. Gulick* 14 N. J. 578; *Chase v. Garvin* 19 Me. 211; *Burley v. Harris* 8 N. H. 233; *Estes v. Whipple* 12 Vt. 373; *Davenport v. Gear* 2 Scam. 495; *Dewit v. Staniford* 1 Root 270; where there are more than two partners, an action will not lie for the settlement of a

co-partnership account, but only a bill in chancery: *Beach v. Hotchkiss* 2 Conn. 425 ; *Austin v. Vaughan* 14 La. Ann. 43 ; *Younglove v. Liebhardt* 13 Neb. 557; *Farrar v. Pierson* 8 Am. Rep. 439 ; *Wheeler v. Arnold* 30 Mich. 304; *Elder's Appeal* 39 Mich. 474 ; *Learned v. Ayres* 41 Mich. 677.

*F. W. Knowlen* and *Dallas Boudeman* for appellee.

CAMPBELL, J.   Mitchell recovered judgment in the circuit court for the county of St. Joseph on a note made by defendant to his order for $400, and 10 per cent. interest.   This note was dated November 1, 1851, payable in one year, and was renewed at successive times in writing, so that a long time has passed since its maturity.   The defense was put on the ground that it was connected with partnership transactions, and dependent on them, and paid by credits.

On November 1, 1851, plaintiff and defendant and Thomas Langley became partners in a furnace and manufacturing business, with a paid-up capital of $9000, made up chiefly of property suited to the business.   Of this capital, which the partners were bound to furnish equally, Mitchell owned $4500 and Wells $3929.   Langley paid in $729, and for the balance of his quota was to pay interest to Mitchell for his excess of $1500, and to Wells for his excess of $929.

On the trial below, Wells claimed that this note of $400 was given to even up his own capital, and that it was agreed it should be settled up with the partnership business.   He further claimed that, on the final winding up, a balance remained in his favor of enough to cancel it, and that Mitchell held that balance.

There were two theories suggested on the argument for the defendant.   One was that the note was a matter between Wells and the firm, and for that reason entered directly into the partnership interests and accounts.   The other made it merely dependent by agreement and dealings with Mitchell. Plaintiff denied both.

Upon the first theory the argument dwelt at length, and the error complained of was that the court refused to charge that the remedy was solely in equity and not at law, if, by

the agreement of the parties, the note in question became a part of Wells' capital in the firm.

It is not very clear that the defendant's testimony tended to establish this theory. But, assuming that it did, we do not think that, when viewed in connection with the other facts and charge, this refusal was erroneous.

The note, upon that theory, was a debt which it was the duty of Wells to pay according to its terms. If this had been a corporation instead of a partnership, there can be no doubt it could be sued at law. There was as distinct an obligation to pay it in the one case as in the other. The only reason why an agreement by a partner with the firm cannot be sued at law is technical, and rests on the rule that at law all the promisees must be plaintiffs and the promisor defendant, and that no man can sue himself at law, while, in equity, if all parties are before the court, their position as complainants and defendants is not always very important. But there never was any difficulty in bringing suit by one or more partners against another on his covenants. Neither has there ever been any difficulty in holding a partner liable on a promise to any one as a trustee for the firm benefit, so long as the firm is not a party. Such was the present case, assuming the purpose to have been as claimed. This promise was not made to the firm, but to Mitchell. It is a legal obligation in form, and therefore may be sued at law according to its terms. Any such ground as is relied upon must come in either as a defense at law, or under proceedings brought by defendant in equity to establish it. There is no case that we are aware of where an obligation legal in form cannot be sued at law.

This, as already suggested, was the chief point argued. There was no exclusion of testimony to show the arrangements between Wells and Mitchell in regard to this note, or the right of plaintiff to have it paid out of assets; but whether there was such an agreement, and if there was, whether the state of the assets was such as to furnish means and impose the duty of wiping it out, were questions of fact which seem to have been fairly submitted to the jury.

It is claimed, however, that inasmuch as by the terms of renewal, the new promise was in consideration of the renewal of any legal set-offs, the burden of proof was on plaintiff to explain what those set-offs were. We can see no force in this claim. The burden of establishing set-offs must always be on the defendant who desires to establish them. He may or may not choose to use them for defense, instead of for purposes of suit separately. But there is no reason for calling on a plaintiff to prove anything but his own cause of action.

The court opened the door very wide in favor of the reception of the defense. We cannot review the action of the jury, and we cannot see that anything was improperly given to them. It is possible that defendant has been damnified by not suing in equity. But the state of the accounts was allowed to go to the jury, in case they found the agreement claimed to exist. We do not see from this record any certainty that there is not still room for equitable action.

The testimony about the old accounts does not appear to have become material, in the shape in which the parties left the issues on trial.

The judgment must be affirmed.

The other Justices concurred.