## BEACANNON *v.* LIEBE, ET AL.

PARTNERSHIP—Two partnerships, composed, in part, of the same individuals, they cannot sue each other at law.

IDEM—EQUITY—But a balance of account, due from one of such partnerships to the other, may be assigned, and the assignee may maintain an action to recover such balance unless it should appear that a general accounting is necessary between the two firms to ascertain such balance.

ACTIONS—SUITS.—The distinction between actions and suits, in this state, is not abolished by the code.

APPEAL from Multnomah County.

*E. D. Shattuck,* for appellant.

*G. W. Yocum,* for respondent.

By the Court, THAYER, J.:

This appeal is from a judgment of the circuit court for the county of Multnomah, entered upon a decision sustaining a demurrer to the appellant's complaint, filed in said court, in which it was alleged, in substance, that the respondents were co-partners, doing business in Oregon under the name of the Dayton Flouring Mills Company; that one John M. Levens, and William Burnell, one of the respondents, were also co-partners, doing business in Oregon under the name of William Burnell & Co.; that said William Burnell & Co., as a firm, in 1882, 1883 and 1884, delivered to said Dayton Flouring Mills Company goods, wares and merchandise, loaned them money, paid money to their use and on their order, amounting in the aggregate to $9,507.84, on which sundry payments had been made, aggregating $7,402.38, leaving a balance due from said Dayton Flouring Mills Company to said William Burnell & Co. of $2,105.40, which said balance said last named company, for a valuable

consideration, duly assigned to appellant, and for the amount of which he demanded judgment against the respondents. The demurrer was interposed mainly upon the ground that the court had no jurisdiction; that the appellant's remedy was in equity, for the reason that the account arose out of dealings between two firms in each of which the respondent, Burnell, was a member.

The question presented for the consideration of this court is, as to the correctness of the decision of the circuit court upon the demurrer. William Burnell & Co. could not maintain an action at law against the Dayton Flouring Mills Company, by reason of the fact that Burnell was a a member of both firms. The difficulty at law arises from the fact that all the partners must join and be joined in the action, and as no person can maintain an action against himself, or against himself and another, it could not be sustained. (Story's Equi. Juris., sec. 679.) Equity, however, treats the copartnership as a distinct existence, looks behind the form of the transactions to their substance, and treats the different firms, for the purpose of substantial justice, exactly as if they were composed of strangers, or were, in fact, corporate companies. (*Id.*, sec. 680.) In this case, the assignment of the claim by William Burnell & Co. to the appellant, freed it entirely from the objection that a person cannot maintain an action against himself. That feature in it has been removed by the assignment, and upon that point it stands upon the same ground as the cases cited by appellant's counsel of *Moore* v. *Holland*, 39 Maine, 304; *Thayer* v. *Buffum*, 11 Met., 398, and *Pitcher* v. *Barrows*, 17 Pick., 361. And we see no reason why such objection, where it is merely technical, cannot be obviated in that way, where the assignment is actual and real.

The respondent's premise that the assignee acquired no higher rights than those held by his assignors, is undoubtedly correct, but his conclusion drawn therefrom is not supported by it. The question of right is not involved in the matter; it is a question-of disability. Bunnell & Co. could assign the claim when, owing to the peculiar circumstances referred to, they could not maintain an action upon it in their own name; the assignment removed that disability. The case of *Thayer* v. *Buffum, et als., supra*, is decisive of that point. But it is contended by respondents' counsel that the important objection to the maintenance of the action is, "that until all the partnership concerns are ascertained and adjusted, it is impossible to know whether the particular partner be a debtor or creditor of the firm, for, although he may have advanced large sums of money on account thereof, he may be indebted to the firm in a much larger amount." In fine, that the case necessarily involves an accounting before it can be ascertained whether the alleged indebtedness exists. If this last proposition be true, then the counsel's position is correct, and the circuit court did right in sustaining the demurrer. But does it follow, where two independent partnership firms have dealt with each other in the manner Burnell & Co. dealt with the Flouring Mills Co., as shown by the complaint, although Burnell was a member of both firms, that an enforcement of the claims set out in the complaint necessarily involves an accounting between them of all their affairs? The two firms dealt with each other evidently the same as though the members of the one were strangers to those of the other. If Burnell & Co. had purchased of the Flouring Mills Co. a hundred barrels of flour, they would have expected without a doubt to pay for it the same as if they had bought it of

any other party, and the enforcement of the collection of the claim would not ordinarily have required an accounting, nor would any such result necessarily follow in the enforcement of a stated account between the two firms. (*Cole* v. *Reynolds*, 18 N. Y., 74.)

The claim in favor of Burnell & Co., assigned to the appellant, is alleged to be due from the Flouring Mills Co.; that allegation is admitted by the demurrer. Now how can it be claimed in view of that fact that a general accounting between the two copartnerships is necessary? It still may be so, but the record does not disclose it. On the contrary, it shows that it is not necessary.

The appellant's counsel claimed upon the argument that our code had so blended law and equity that if the facts alleged in the complaint showed a case cognizable in equity, although it was brought as an action, the court ought not to dismiss it, but retain and try it as a suit. I am unable to endorse this view. Our code, I think, preserves the forms of actions and suits as distinct from each other. There may be no very good reason why the distinction has been retained, but it is too strongly indicated in the code to be ignored by the courts; and any change made in the practice in that particular must be effected by the legislative branch of the government. Litigants, in my opinion, will be compelled at their peril to elect as to which of the two jurisdictions they will resort to for relief, so long as the present line of partition between them is kept up. We think the circuit court should have overruled the demurrer; but not upon the ground that a party can institute an action at law and have the court turn it into a suit in equity. The distinction heretofore existing between forms of actions at law has been abolished, while that between actions and suits has, in name

at least, been retained. The proceeding in both is very similar, but their distinction is as pronounced as though there were no resemblance between them. It is provided, however, in section 377 of the code that "in an action at law where the defendant is entitled to relief arising out of facts requiring the interposition of a court of equity, and material for his defense, he may upon filing his answer therein, also, as plaintiff, file a complaint in equity in the nature of a cross bill, which shall stay the proceedings at law, and the case thereafter shall proceed as in a suit in equity, in which said proceeding may be perpetually enjoined by final decree, or allowed to proceed in accordance with such final decree." The respondents doubtless could have availed themselves of the benefit of this provision, in this case, if an accounting between the several partners were material to their defense, but their demurrer was not well taken. The judgment of the circuit court is therefore reversed, and the case remanded to the court below with directions to that court to overrule the said demurrer.