## MARCUS W. BATES v. JAMES M. LANE.

*Copartners—Money furnished by one to the other to meet his obligations to the firm—Is a personal debt recoverable in a suit at law—Has nothing to do with final accounting—In absence of special dealing creating such relation.*

1. It is very well settled that money furnished *to* one partner *by* another, to enable the *latter* to meet *his* obligations *to* the firm, is a *personal* debt, and has nothing to do with the final accounting, unless, by some special dealing, made to relate to it; and a suit at law will lie for its recovery.

2. Where it was the duty of one copartner to furnish the money required to purchase a tract of land for the firm business, the title to which was taken in his name, he paying the purchase price, and a small sum was due for interest, which his copartner paid in order to release the land from incumbrance, but without his *express* request,—
   *Held*, in a suit for such money, and other advances made for his benefit, that the court was justified in inferring an *implied* request for the payment of such interest money.

Error to Kent. (Montgomery, J.) Argued June 16, 1886. Decided June 24, 1886.

Assumpsit. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Fletcher & Wanty,* for appellant:

The account on which plaintiff recovered judgment was for matters entirely relating to the partnership affairs, and as no accounting or settlement had been had, and the firm assets were still on hand, an action at law will not lie: *Holmes v. Higgins,* 1 Barn. & C. 76; *Smith v. Allen,* 18 Johns. 245; *Gomersall v. Gomersall,* 14 Allen, 60; *Crottes v. Frigerio,* 18 La. Ann. 283; *Francisco v. Fitch,* 25 Barb. 130; *Morin v. Martin,* 25 Mo. 360; *Hammond v. Hammond,* 20 Ga. 556; *Wiggin v. Cumings,* 8 Allen, 353; *Smith v. Smith,* 33 Mo. 557; *Burns v. Nottingham,* 60 Ill. 531; *Goldsborough v. McWilliams,* 2 Cranch, Ct. Ct. 401; *Barry v. Barry,* 3 Id. 120; *Pote v. Philips,* 5 Id. 154; *Bracken v. Kennedy,* 4 Ill. (3 Scam.) 558; *Chase v. Garvin,* 19 Me. 211; *Holyoke v. Mayo,* 50 Id. 385; *Gridley v. Dole,* 4 N. Y. 486; *Lawrence v. Clark,* 9 Dana (Ky.), 257; *Houston v. Brown,* 23 Ark. 333; *Stone v. Fouse,* 3 Cal. 292; *White v. Harlow,* 5 Gray, 463; *Burley v. Harris,* 8 N. H. 233; *Estes v. Whipple,* 12 Vt. 373; *Collamer v. Foster,* 26 Id. 754; *Buckmaster v. Gowen,* 81 Ill. 153; *Crossley v. Taylor,* 83 Ind. 337; *Course v. Prince,* 1 Mill (S. C.), 416.

A partner can sue his copartner *at law* on a *distinct* and *express* obligation that has not gone into the firm accounts, and which was not intended by the partners to go into such accounts: *Morgan v. Nunes,* 54 Miss. 308; *Robinson v. Bullock,* 58 Ala. 618; *Neil v. Greenleaf,* 26 Ohio St. 567; *Gridley v. Dole,* 4 N. Y. 486; *Crater v. Bininger,* 45 N. Y. 545; *Currier v. Rowe,* 46 N. H. 72; *Williams v. Henshaw,* 11 Pick. 79; *Wright v. Eastman,* 44 Me. 220; *Sprout v. Crowley,* 30 Wis. 188; *Truitt v. Baird,* 12 Kan. 420.

*T. J. O'Brien (J. H. Campbell,* of counsel), for plaintiff:

Counsel cited following authorities in support of right of plaintiff to sue at law for the moneys advanced for defendant: *Wheeler v. Arnold,* 30 Mich. 304; *Bennett v. Smith,* 40 Id. 211; *Kinney v. Robison,* 52 Id. 389; *Howard v. France,* 43 N. Y. 596; *Wright v. Eastman,* 44 Me. 220; 2 Lindley on Part. p. 1026; *Elgie v. Webster,* 5 Mees. & W. 518; *Currier v. Webster,* 45 N. H. 226.

CAMPBELL, C. J. Bates recovered judgment below for

certain moneys which it was found had been paid to defend-
ant's use, at his request, by Bates, who was his partner for
certain purposes, in which defendant was to make all the cash
outlays.   The amounts included in the judgment were cer-
tain outlays for supplies and stock to be used in the lumber-
ing business of the parties; certain advances on defendant's
request not connected with the business; a balance of interest
on the purchase price of the land, which defendant was to
pay for, and did pay for, except for this deficiency over-
looked; and a sum of $800 procured by plaintiff at defend-
ant's request for firm purposes, on a note which plaintiff
gave in the firm name, but was compelled, as indorser, to pay
himself.

The defense rests entirely on the ground that the advances
and outlays, being for the firm, could not be sued for at law,
but must come in a partnership accounting.

The facts as found were, in brief, that in the winter of
1881-2 plaintiff and defendant agreed to join in an enter-
prise at Baldwin, Michigan, wherein defendant was to buy
certain land for $10,000, and they were to lumber it in part-
nership.   Defendant was to furnish all the money necessary
to purchase the land and carry on the enterprise, furnish
teams and camp equipage, and carry on the business to com-
pletion, receiving ultimately interest and principal on his
money advances, and reasonable compensation for the use of
his teams and camp equipage. The resulting profits were to be
divided, and if losses, they were also to be shared.   Plaintiff
was to give his time in starting operations, and both were to
give some time to the different business duties.   Personal
expenses were to be borne by the concern.

The first advances of plaintiff were made in this wise:
Just before opening the camp defendant went to Missouri,
and instructed plaintiff to send stock forward and purchase
supplies, and these moneys were paid out for that purpose.
This being so, we have no doubt they were properly regarded
as paid out at defendant's request, for things he was individ-
ually bound to furnish for the firm.

Concerning certain items paid, at defendant's request, to a

justice of the peace, and to defendant's son, it is found they had nothing to do with firm matters.

The largest item advanced was $800, for which defendant wrote to plaintiff, asking him to come to camp in May, 1882, and bring from $500 to $800 to pay the men. Plaintiff gave a note, in the firm name, to the Grand Rapids National Bank, for $1,000, and indorsed it. Of the money, he took $800 to camp, and paid part of it to the men and part to defendant. A sole judgment was obtained against plaintiff on this note, and he paid it. Plaintiff furnished to the defendant's book-keeper an account of these advances and outlays, asking credit in the account of Lane & Bates, but it is found that they do not appear to have been credited to him, or to have gone into the firm accounts.

The other item of interest accrued in this way: Plaintiff negotiated the purchase of the land in defendant's name, for $10,000, and interest was to be allowed till payment. A deed was given, and defendant paid the $10,000, but, by mistake, the interest was overlooked. The next day, in defendant's absence, plaintiff's attention was called to it, and he paid it, being $175, without further directions or subsequent ratification.

All of these matters were moneys advanced, to be applied for debts and outlays which it was defendant's individual duty to meet. All but the interest on purchase money was advanced on his request. The court below was of opinion that these advances were made for defendant's benefit, and this conclusion involved facts as well as law. It is not found that the advances were made to or for the firm as plaintiff's debtor, and the terms of the partnership contemplated that defendant should make all the advances. When he asked plaintiff to pay his obligations, or to do what was equivalent, he could not fairly be supposed to contemplate that the terms of the partnership were to be changed, or that plaintiff was to furnish capital. At any rate, there is no such finding.

We do not think it makes any real difference for what purpose money is to be used by the person who procures it to be advanced on his behalf. It becomes his money, and the debt

for it his debt. It might become a very serious matter for plaintiff if the partnership turned out unprofitably, so that he would have to take his chances on the accounting. There is no provision that he shall receive interest on his advances, or make any.

It is very well settled that money furnished to one partner by another, to enable the latter to meet his obligations to the firm, is a personal claim, and has nothing to do with the final accounting, unless, by some special dealing, made to relate to it. See *Kinney v. Robison*, 52 Mich. 389; *Laylin v. Knox*, 41 Id. 40.

The only doubt we have had has been in regard to plaintiff's claim for interest money due on the purchase price of the land. But we think the court below had the right to draw an inference of an implied request. It was defendant's business to pay this interest, and so discharge the land from the lien for purchase money. Plaintiff was interested in having the property cleared, and defendant was bound to clear it. In this respect the case is analogous to *Laylin v. Knox*.

We think defendant was properly held responsible to plaintiff for his advances. The judgment must be affirmed, with costs.

The other Justices concurred.