## WILSON *v.* WILSON.

[38 Pac. 185.]

26   251
26   318,
38*  185,
38*  190
26   251
36   452
26   251
42   239
42   556

1. NOTE GIVEN BY ONE PARTNER TO ANOTHER INVOLVING PARTNERSHIP MATTERS.—While it is, generally speaking, the rule that until partnership affairs are substantially settled, no action can be maintained by one partner against the other regarding items of account involved in the partnership, yet a recognized exception is where the sum sought to be recovered has been separated from the partnership account, as by giving a duebill or a note; from which it appears that an action at law is maintainable by one partner against another upon a promissory note executed by one to the other, involving particular items or transactions of the partnership business.

2. IDEM — EQUITY.—Where one gives a promissory note to his retiring partner for firm funds advanced by the latter, and used in the business, failure of consideration, based upon the alleged facts that no final settlement of the firm affairs has ever been had, and that upon such settlement there would be nothing due the payee, is no defense to an action at law upon said note; for the defendant, having conferred a right of action by the execution and delivery of his note, cannot, by a mere suggestion of an equitable defense growing out of the unsettled partnership affairs, defeat the recovery.   The

proper course is to file an equitable cross-bill, and procure a settlement of the partnership accounts.

3. PROMISSORY NOTE—PAROL TESTIMONY.—Where a promissory note was given for a definite sum, and made payable on a day certain, it cannot be shown by verbal testimony that said note was intended merely as a memorandum, and was not to be paid until the amount thereof could be realized out of a certain business venture: *Portland National Bank* v. *Scott,* 20 Or. 423, approved and followed.

4. EXECUTORS AND ADMINISTRATORS—CAPACITY TO SUE—WAIVER—PLEADING. —Where the complaint shows that plaintiff is a foreign administrator, the objection that he is incapable of bringing suit is waived, if not taken advantage of by demurrer.

APPEAL from Douglas: J. C. FULLERTON, Judge.

This is an action in behalf of the estate of Daniel Wilson, deceased, brought by Geo. W. Wilson as the administrator thereof, by appointment of a probate court in the State of Washington, against W. C. Wilson and Mary J. Wilson, upon their promissory note executed in September, eighteen hundred and eighty-eight, and made payable to the said Daniel Wilson, now deceased, three years after the date thereof. The defendants by their answer deny the execution of said note and their liability thereon, and, for a further and separate answer, allege, in substance, that on or about the —— day of ——, eighteen hundred and eighty-eight, the defendant, W. C. Wilson, and Daniel Wilson, his father, were stockholders in the Green Mountain Mining Company; that at said time they entered into a partnership agreement whereby they were to take charge of the company's mine, and operate the same as equal partners; that the father was to furnish sufficient money to put the mine in paying condition, and to run the same, and was to look to the partnership venture for his reimbursement; that he expended about twenty-three hundred and eighty dollars in the business, and afterwards withdrew from the partnership, and the son promised to pay

him the amount thus expended on condition that he should make it out of the mine; that defendants made and delivered their note substantially as set forth in the complaint, upon the condition that it was not to take effect, and that defendants were in nowise to be bound by it, until the mine should yield a sufficient amount to pay the same over and above the expenses incurred in operating it, and that in the mean time the note was to be held merely as a memorandum; that the son has used and is still using all the means in his power to make said mine pay, and has expended a large amount of time, labor, and money thereon, but that it has not paid expenses; and further allege that there was no consideration for the note. The reply puts in issue the material allegations of the answer. Upon the issues thus joined a trial was had, resulting in a verdict and judgment for plaintiff.

The case comes here upon alleged errors of the court below in the rejection of testimony, and its instructions to the jury. After the note had been put in evidence, the defendants, to support their contention, gave evidence tending to show that W. C. and Daniel Wilson were in May and June, eighteen hundred and eighty-eight, stockholders in the Green Mountain Mining Company; that Daniel went to the house of his son W. C. Wilson, in Douglas County, in May, and, after a long conversation with him in regard to running the mine, proposed a partnership for the purpose of working the same, offering to furnish all the money necessary to develop the mine and put it upon a paying basis, if the son would work it and account to him for one half the proceeds for two years; that the latter agreed to said proposition of his father, who thereupon furnished one thousand dollars, a part of which was spent in working the mine, buying machinery, tools, powder, etc.; that at the time the note in suit was made the defendant W. C. Wilson obtained enough more money from

his father to make one thousand eight hundred dollars altogether. The defendants, by appropriate interrogatories, then offered to prove by W. C. Wilson and other witnesses the following facts and circumstances: That the mine was not then being worked; that the only consideration for the note was the amount Daniel Wilson had advanced toward the partnership; that there never had been any partnership accounting or settlement; and that the note was given only on condition that it was not to take effect, and defendants were not to be bound by it, until W. C. Wilson had made sufficient out of the partnership property to pay all operating expenses and said note, and that in the mean time the note was to be merely a memorandum in the hands of the payee; that upon an accounting or settlement of the partnership there would be nothing due from defendants to plaintiff; that the one thousand eight hundred dollars was paid under the partnership agreement to defray in part the expenses of carrying on the partnership business; that the same was expended accordingly, and that, aside from the note, W. C. Wilson never agreed to repay said one thousand eight hundred dollars to his father, except when he should realize it out of the partnership property in operating the mine; that W. C. Wilson had been working the mine every year since eighteen hundred and eighty-eight, and that it had never paid even the running expenses. Objection was made to the introduction of this testimony, upon the ground that it was irrelevant and incompetent, and was an attempt to vary a written contract by oral testimony, which objection was sustained by the court, and defendants excepted.

Among other things, the court charged the jury as follows: "The defense set up here by the defendants, that this was merely a memorandum, and that this note is without consideration, and not intended to be paid, but merely to be held by Daniel Wilson, until the defendant

should make the money out of the mine, to make enough above the expenses of operating the mine, has not been sustained by the evidence. The evidence offered in support of the affirmative allegations in the answer attempted to be proven has been parol evidence. It is a rule of law that a written contract—its terms—cannot be varied or set aside by parol evidence, and therefore, if you find from the evidence that these defendants executed this promissory note for a valuable consideration, and it has not been paid, why, then it will be your duty to find a verdict in favor of plaintiff." To this portion of the charge the defendants duly excepted. The court further instructed the jury, touching the consideration for the note, as follows: "There has been some evidence introduced tending to show that there was no consideration for the note. You have a right to consider that, and if you find that there was no consideration for the note, then the plaintiff is not entitled to recover in the action." No exceptions were saved to this portion of the charge. The defendants appeal and allege error by the court below in refusing to admit the testimony offered, and in its instructions to the jury touching the consideration for the note in question.

AFFIRMED.

*Mr. J. W. Hamilton* (*Messrs. Bellinger & Abraham* on the brief), for Appellants.

*Mr. E. B. Preble* (*Mr. Lafayette F. Lane* on the brief), for Respondent.

Opinion by MR. JUSTICE WOLVERTON.

The questions suggested by this record are two: *First,* where one gives a promissory note to his retiring partner, covering partnership funds advanced by the partner so retiring, and used in the business, can failure of considera-

tion, based upon the alleged facts that no final settlement has ever been had of the partnership affairs, and that upon such settlement there would be nothing due thereon, be shown in defense to an action at law upon said note? And, *second*, can it be shown by verbal testimony that a promissory note given for a definite sum, and made payable on a day certain, was intended merely as a memorandum, and was not to be paid until the amount thereof could be realized out of a certuin business venture? The evidence offered and refused was intended to support the affirmative of both these propositions.

1. It is contended that when the one thousand eight hundred dollars for which the note was given was put into the business by Daniel Wilson, being a contribution to the capital invested, it became the property of the partnership; that this partnership investment or property constitutes the consideration for the note in question; and that, being the property of neither partner, but of the copartnership, it could not constitute a consideration moving from Daniel Wilson to the defendants, and therefore would not support the note. The purpose of the evidence offered and refused was to show that at the time this note was given, there had been no settlement, either partial or complete, of the partnership business, and that, upon a final settlement of the partnership, there would be nothing due the the plaintiff. It is alleged in defendants' answer, however, that Daniel Wilson, after he had expended about two thousand three hundred and eighty dollars, withdrew from the partnership, and that W. C. Wilson promised to pay him this amount on condition that he should make it out of the mine. The note in contest was thereupon executed, covering one thousand eight hundred dollars of this two thousand three hundred and eighty dollars; so that it may be reasonably inferred from the answer and the proofs offered that there was a dissolution of the part-

nership at the time the note was executed, although no final settlement of its affairs was had. W. C. Wilson thereafter continued in possession of the mine, working it every year since, and enjoying the benefit of the funds expended thereon in making the necessary improvements to put it in a working condition; but this does not answer the defendants' contention, that the consideration of the note was funds that the partnership had received, and not the defendant W. C. Wilson. Unless there has been, by some act of the parties, a segregation of such funds from the general partnership property, and an appropriation thereof by the defendant W. C. Wilson, for which he and his codefendant executed their note to Daniel Wilson, there is in fact no sufficient or legal consideration to support the note. If a person received funds or property of a partnership of which he is a member, he becomes a debtor to the partnership, and not to the other members thereof; and so, if one partner loans money to the partnership, he becomes a creditor of the partnership, and not of the remaining members. In neither case could an action be maintained by or against the partnership. This is so for the obvious reason that it is not permissible for a party to sue himself.

It is also true, as a general rule, that until the accounts of the partners are finally adjusted, or until the affairs of the firm are so far settled as that nothing remains to be done by it or its members except to ascertain the final state of the account between the partners, no action can be maintained by one partner against the other in respect of particular items of account pertaining to the partnership business. But there are exceptions to this general rule, and a prominent one is where the sum sought to be recovered is separated from the partnership account: 1 Collyer on Partnership, § 258; *Bonnaffe* v. *Fenner*, 6 S.

26 OR.—33.

& M. 212, 45 Am. Dec. 278. So a partner may sue his
associate at law upon a note or duebill given him on a
partial settlement of the partnership affairs: *Sturges* v.
*Swift*, 32 Miss. 239. The giving of a promissory note by
one partner to another is an isolation of the demand in
respect of which the note was given from the general
partnership account: 2 Lindley on Partnership, *565; 1
Collyer on Partnership, § 257; *Bonnaffe* v. *Fenner*, 6 S. &
M. 212, 45 Am. Dec. 278; *Merrill* v. *Green*, 55 N. Y. 270;
*Grigsby's Executors* v. *Nance*, 3 Ala. 350, 351; *Scott* v. *Camp-
bell*, 30 Ala. 728. Chief Justice MARSHALL in *Van Ness* v.
*Forrest*, 8 Cranch, 33, says: "It is alleged that, at law, one
partner can sue another on a claim growing out of the
partnership, in no other case than for a general balance
on a stated account. The terms in which this proposition
has been laid down are perhaps too general. In the case
at bar, the suit is instituted on a promissory note given,
not to the company, but to Joseph Forrest, president of
the company. Although the original cause of action does
not merge in this note, yet a suit is clearly sustainable on
the note itself. * * * . The principle that a company
cannot sue its members does not apply to the case; nor
does the principle that a partner cannot sue a partner on
a partnership transaction apply to any case where a note
in writing is given for money, not to a firm, but to an
individual member." So it would appear that an action at
law is maintainable by one partner against another upon
a promissory note executed by the one to the other involv-
ing particular items or transactions of the partnership
business, upon the ground that the giving of the note is
an isolation or separation of the particular matter from
the general partnership account, and that an accounting
and final settlement of the partnership affairs is not neces-
sarily involved in such action; that the execution of the
note is such an acknowledgment of isolation or elimination

of the particular transaction from the general partnership account as that the maker will be estopped at law from questioning the holder's right of action thereon.

2. We are aware of authorities which hold that a promissory note given by one partner to another in settlement of particular transactions of a partnership, prior to the final settlement and adjustment of the general partnership affairs, will not support an action at law; that the maker being under no legal or equitable obligation to pay that for which the note was given, it is therefore a mere *nudum pactum*, and can have no greater force or effect than an express promise would have if made under like circumstances in any other form. Of such are *Martin* v. *Stubbings*, 20 Ill. App. 398, 9 Am. St. Rep. 621; *Stafford* v. *Fargo*, 35 Ill. 481, and *Sewell* v. *Cooper*, 21 La. Ann. 583. Without attempting to distinguish or criticise these cases, we note that in them all the doctrine is maintained that it is sufficient to defeat an action upon a note given by one partner to another to answer that the note was based upon transactions touching the business in which the partners were engaged as such, and that no final accounting or settlement of partnership affairs has been had, and that a mere showing of this state of affairs will defeat the action at law. This recognizes a sort of an equitable plea in abatement, which, in effect, bars the action. It is altogether clear that an accounting between partners cannot be had at law, and, upon principle, a mere suggestion that an accounting is necessary ought not to defeat an action where the parties have, by the giving and taking of a promissory note, expressly recognized that a right of action at law exists. If equitable reasons exist why a defendant should not pay his note in whole or in part, the remedy in equity is ample. At common law equity will enjoin proceedings at law where an unfair advantage is about to be taken, and will proceed to administer all the relief which the particular

case requires: Story's Equity Jurisprudence, §§ 885, 886. In the case of *Burnes* v. *Scott*, 117 U. S. 586, 6 Sup. Ct. 865, very similar to this, Mr. Justice WOOD says: "As a general rule, want of consideration is a defense to a promissory note, but it is not always a defense which can be made at law. It frequently requires the aid of a court of equity to give it effect. The plea to support which the defendant contends the evidence of want of consideration was admissible, clearly sets up an equitable defense. It alleges that the note sued on is based on the 'transactions relating to the business of said partners,' * * * and that the amount due thereon, if anything, could not be ascertained until the final settlement of the partnership. It is plain, therefore, that the defense set up by the plea is not the legal defense of want of consideration, for the plea admits, by implication, that there may be something due on the note, but the equitable defense that the amount due on the note, if anything, is dependent on the amount coming to Winston from the assets of the partnership, which cannot be ascertained without a settlement of the partnership affairs in a suit to which all the parties are necessary parties. And yet, having so pleaded, the defendant insists, in argument, that in a trial upon the promissory note in a court of law, without the presence of two of the four partners, evidence is admissible to settle the partnership, and to prove, without making Winston a party to the suit, that there is nothing due him out of the partnership assets." The learned justice then concludes that the relief, if any, upon the facts stated, is by injunction to stay the action at law until a settlement of the partnership affairs is had, and the amount due Winston is ascertained. To the same effect are *Mitchell* v. *Wells*, 54 Mich. 129, 19 N. W. 777, and *Sturges* v. *Swift*, 32 Miss. 239. Under our statute, such equitable relief may be had by way of cross-bill in equity. It would seem that the better

reasoning and authority is in favor of the rule that will not permit a mere suggestion of an equitable defense to defeat the action at law, wherein such defense cannot be made available. The defendants have given the right of action at law by the execution and delivery of their promissory note, and the remedy adopted by plaintiff is available to him unless restrained by a competent equitable tribunal, for which the law has made ample provisions.

3. As to the contention of counsel under the second head, — that they were entitled to show by oral testimony that the note in question was intended merely as a memorandum, and was not to be paid until the amount thereof could be realized out of the mine, — the law is settled by this court adversely thereto: *Portland National Bank* v. *Scott*, 20 Or. 423, 26 Pac. 276; see also *Burnes* v. *Scott*, 117 U. S. 586, 6 Sup. Ct. 865. We therefore conclude that the evidence offered and rejected by the court was clearly incompetent to show either a want of consideration for the note in question in a court of law under the issues herein, or that the note was intended as a memorandum only, and was not to be binding until the amount thereof could be realized from the mine. The instruction complained of, when taken in connection with other instructions pertaining to the same subject matter, comports with these conclusions, and hence the court below has committed no error either in refusing to submit the testimony offered to the jury or in its charge touching the law of the case.

4. Another question made by the appellants, which is raised here for the first time, is that the plaintiff brings the action in his capacity as administrator of the estate of Daniel Wilson, deceased, and his letters of administration having been issued to him by the probate court of Pacific County, State of Washington, he is therefore a foreign administrator, and is precluded from bringing the action

within this state. This objection is apparant on the face of the complaint, and goes to plaintiff's capacity to sue, and not having been taken by demurrer it is waived, and cannot be urged now, for the first time: Pomeroy's Remedies, § 181; *Moir* v. *Dodson*, 14 Wis. 279; *Robbins* v. *Wells*, 18 Abbott's Practice, 191; 1 Estee's Pleadings, § 423. The judgment of the court below ought to be affirmed, and it is so ordered.                                              AFFIRMED.