## LI SAI CHEUK *v.* LEE LUNG.

### (146 Pac. 94; 156 Pac. 254.)

**Appeal and Error—Dismissal—Defects in Abstract—Time to Move.**

1. When an indorsement on the abstract of the record shows that plaintiff's accepted service thereof August 12, 1914, thereby obtaining knowledge of any alleged failure of defendant to comply with the statutes or rules of court as to filing of an appeal, under Supreme Court Rule 23 (56 Or. 623, 117 Pac. xii), plaintiff's motion to dismiss defendant's appeal, to escape denial, must have been made within ten days of August 12th.

**Pleading—Meritorious Defense—General Denial.**

2. A general denial is a complete defense, unless inconsistent with the subsequent affirmative allegations of the answer.

**Partnership—Suit Between Partners Prior to Dissolution.**

3. An action at law will not lie between partners upon a claim growing out of the partnership transactions until the partnership business is wound up and the accounts finally settled, since until an accounting is had it cannot be known, but that plaintiff may be liable to refund more than he claims in the particular transaction.

**Partnership—Suit Against Partner by Firm's Assignee.**

4. Where a partnership assigns for collection its account against a member of the firm, the assignment not depriving the firm of a beneficial interest in the account, the assignee cannot sue the partner

owing the account, under the rule that an action at law will not lie between partners upon a claim growing out of partnership transactions until the business is wound up and accounts settled.

**Judgment—Judgment by Default—Vacation.**

5. Defendant, against whom a default was taken when he thought that negotiations for a settlement were still pending, he continuing so to believe until proceedings upon execution were begun, when he promptly filed his motion to vacate the default, was entitled to the relief.

[As to forgetfulness as ground for opening default judgment, see note in Ann. Cas. 1914B, 589.]

From Multnomah: George N. Davis, Judge.

This is an action by Li Sai Cheuk against Lee Lung, doing business under the firm name and style of Nom King Low Co. From a judgment in favor of plaintiff, defendant appeals. Respondent files motion to dismiss appeal.          Motion Denied.

*Messrs. Peters & Turner,* for the motion.

*Messrs. Malarkey, Seabrook & Dibble, contra.*

In Banc. Opinion by Mr. Chief Justice Moore.

1. This is a motion to dismiss an appeal. An action was commenced to recover money, and the defendant not having appeared or answered within the time specified, after the summons appears personally to have been served upon him, as evidenced by the return indorsed upon the process, judgment was rendered against him for the sum demanded. Soon thereafter the defendant's counsel moved to set aside the judgment and for leave to answer, supplementing the application by his own affidavit and tendering therewith an answer to be filed. The plaintiff's counsel filed a counter-affidavit, and, upon the written declarations of facts thus voluntarily made, the application was denied, from which order the defendant perfected an ap-

peal and filed with the clerk of this court a transcript and a printed abstract of the record August 15, 1914, and within the time limited therefor. The defendant's brief was filed in this court January 9, 1915, and five days thereafter the plaintiff's counsel moved to dismiss the appeal on the ground that no bill of exceptions had been filed.

The abstract of record contains copies of all the papers filed in the trial court or tendered for that purpose, the judgment and orders made and entered in this cause, the notice of appeal, and the undertaking therefor. The transcript also contains duplicates of the judgment, orders, notice of appeal, and undertaking, which authenticated copies having been filed with our clerk within the time limited, jurisdiction of the cause was thereby secured. Rule 23 of this court, as far as material herein, reads:

"All motions must be filed within ten days after a party or his counsel obtain knowledge of an alleged failure of the adverse party or his counsel to comply with the requirements of the statute or the rules of this court. Any neglect to file a motion within such time will be deemed a waiver of all defects, except matters of jurisdiction": 56 Or. 623 (117 Pac. xii).

From an indorsement noted upon the abstract on file herein, it is manifest that plaintiff's counsel accepted service of a copy thereof August 12, 1914, and thereby obtained knowledge of any alleged failure to comply with the requirements of the statute or the rules of this court.

As jurisdiction of the appeal was secured, and as the motion now interposed was not filed within the time required, the motion to dismiss the appeal should be denied, and is so ordered.          Motion Denied.

Mr. Justice Eakin not sitting.

Argued March 2, reversed March 21, 1916.

## ON THE MERITS.

(156 Pac. 254.)

Department 1.    Statement by MR. JUSTICE BENSON.

The complaint alleges, in substance, that during the year 1911 the Wing Chong Lung Company of Hong Kong, China, sold and delivered to defendant goods, wares and merchandise of the value of $771, for which defendant agreed to pay; that by the laws of China an account remaining unpaid at the first of the following year draws interest at the rate of 1 per cent per month, and that the interest for 1912 amounted to $92.52; that $31.69 was paid by defendant in 1912 and $67.90 in March, 1914, and that there is a balance unpaid of $765.75.    Then follows this allegation:

"That prior to the commencement of this action the said Wing Chong Lung Company assigned and transferred said account to the plaintiff herein and constituted and appointed the plaintiff its attorney in fact to collect said account; that plaintiff has demanded the payment of said sum of $765.75 from defendant, but said sum is still due and unpaid."

The sheriff's return upon the summons recites that it was served upon the defendant personally in Multnomah County, Oregon, on May 27, 1914.    On June 9, 1914, a default and judgment were entered in favor of plaintiff in accordance with the prayer of the complaint.    Thereafter, on June 24th, defendant filed a motion to vacate the judgment upon the grounds that no summons was served upon him, and that the judgment was taken against him by surprise and his excusable neglect.    The motion was supported by the following affidavit:

"State of Oregon,
  County of Multnomah—ss.:

"I, Lee Lung, being first duly sworn, do depose and say: That I am the defendant in the above-entitled action, and that summons was never served upon me at any time in said action; that I was not within the State of Oregon on May 27, 1914, between 9 o'clock A. M. and 6 o'clock P. M. of that day, but was in the State of Washington during that time, and no summons whatsoever was served upon me. Between the 27th day of May, 1914, and the 9th day of June, 1914, I learned that plaintiff had begun action against me, and I entered into a negotiation with plaintiff for a settlement, claiming that the matter was a partnership affair and could only be settled by an accounting and settlement of my interest as a partner in plaintiff's assignor. I told plaintiff that since he had sued me in the court I should get a lawyer and make an appearance to protect myself, but he stated that I should not do that, because we would settle all right, and my rights as a partner be recognized, and that he would not take any default or move in the case until it was found out that a settlement could not be made and I was notified to that effect.

"While said negotiations were pending, and before I was notified that a settlement could not be made, plaintiff applied to the court for a judgment by default, and on June 9, 1914, the court rendered a judgment herein against me by default. That I was not aware thereof until June 20, 1914, when the sheriff called on me with an execution issued upon said judgment. Said judgment was rendered by surprise and excusable mistake, in that I relied upon the representations and promises of the plaintiff not to take any judgment while the negotiations for a settlement were pending.

"I have a good defense to the cause of action set forth in the complaint, in that I never purchased any goods, wares or merchandise from Wing Chong Lung Company, other than certain withdrawals I made

against my partnership interest in said Wing Chong Lung Company.

"I have a further and separate defense to the said cause of action as follows: The plaintiff's assignor, Wing Chong Lung Company, is a partnership in which Lee Hing Ching and Young Yick Chung, of Hong Kong, China, and Lee Mee Gin and Lee Foo, and this defendant, Lee Lung, of Portland, Oregon, and various other persons are partners; that this defendant is one of the partners of said firm and partnership; that from time to time during 1911 defendant made certain withdrawals of goods and wares from said partnership against the interest of this defendant in said partnership amounting to $500, and has made certain advancements to said partnership, and there has been no accounting or settlement of the partnership affairs of said partnership; that said withdrawals and advancements are the same transactions referred to in the complaint as sales of goods, wares, and merchandise and payments thereon.

"This affiant therefore prays that the judgment heretofore rendered on June 9, 1914, be vacated and set aside, and that this defendant be admitted to defend this action, and be allowed and permitted to file the answer attached hereto.

"[Signed]     Lee Lung.

"Subscribed and sworn to before me this 24th day of June, 1914.

"[Signed]     E. B. Seabrook,
"Notary Public."

The plaintiff in opposition thereto filed the following affidavit:

"State of Oregon,
    County of Multnomah—ss.:

"I, R. F. Peters, being first duly sworn, depose and say that I am one of the attorneys for the plaintiff; that the plaintiff left the State of Oregon upon the 11th day of June, 1914, and has not since been within said state, and is now at such a distance from the City of Portland that it is impossible to get his affidavit to be

used upon the hearing of this motion; that during the time that negotiations were pending between the plaintiff and defendant the affiant was in constant communication with the plaintiff, and was present upon two occasions when the matter of settlement between the plaintiff and defendant was being considered; that said negotiations on the part of the defendant were not conducted in person, and affiant is informed and believes that at no time after said action was commenced did the defendant in person see or converse with the plaintiff that in all of said negotiations defendant was represented by Mr. Lee Sing Clue; that during said negotiations the matter under consideration was the settlement of said action or account; that your affiant is informed and believes that the matter of the extension of the time to answer in said action was not discussed nor was any additional time given; that during said negotiations the amount of said claim was not disputed upon either occasion when the affiant was present, and as a result of said negotiations an agreement was reached whereby the defendant, through Mr. Lee Sing Clue, agreed to pay a certain number of cents on the dollar for the whole of said claim which plaintiff agreed to accept should it be paid upon the 11th day of June, 1914; that the plaintiff arranged to meet the defendant at 11 o'clock upon said date, and the said defendant through his agent, Mr. Lee Sing Clue, agreed to be present at said time and pay over the amount agreed upon in settlement of said claim; that the said defendant failed to appear at said time; that the said Lee Sing Clue was then and there present and attempted to find and locate the said defendant, but was unable to do so, and it was then and there declared by the plaintiff that all negotiations for settlement of the judgment were off; that from the 11th day of June, 1914, until the sheriff attempted to make a levy under the execution the defendant did not file any papers, motions, or otherwise attempt to make any appearance in said case.

"[Signed]   R. F. PETERS.

"Subscribed and sworn to before me this 26th day of June, 1914.

                  "[Signed]     John R. Turner,
                  "Notary Public for Oregon."

With his motion defendant tendered an answer consisting of general denials and affirmative allegations setting out that plaintiff's assignor is a partnership of which defendant is a member; that during the year 1911 he made withdrawals of merchandise not exceeding the sum of $500 from the partnership, against his partnership interest, and made advancements to the partnership of $31.69 in 1912, and $67.90 in 1914, and no accounting or settlement of accounts of the firm or between the various partners has ever been had; that such withdrawals and advancements are the same transactions referred to in the complaint; that plaintiff is the agent of the firm with authority to collect debts due the same, and instituted this action for the benefit of the partnership, and has no interest therein other than as such agent. From an order denying the motion, the defendant appeals.       Reversed.

For appellant there was a brief over the names of *Mr. Karl Herbring* and *Messrs. Malarkey, Seabrook & Dibble,* with an oral argument by *Mr. Herbring.*

For respondent there was a brief over the name of *Messrs. Peters & Turner,* with an oral argument by *Mr. R. F. Peters.*

Mr. Justice Benson delivered the opinion of the court.

2. The affidavits set out in the statement of the case are very unsatisfactory, since both of them appear to be based largely upon second-hand information,

and we are left in the realm of conjecture to some degree as to the nature and extent of the negotiations between the parties in reference to a settlement of their dispute. Passing this for the present, we shall first consider plaintiff's contention that the answer tendered does not constitute a meritorious defense. The pleading in question begins with a general denial, which, of course, is a complete defense, unless it is found to be inconsistent with the subsequent affirmative allegations. These consist of an assertion: (1) That the merchandise received did not exceed the value of $500; and (2) that the plaintiff's assignor is a partnership of which defendant is a member, and that plaintiff is simply the assignor's agent for the collection of the debt. It is to be remembered, also, that the complaint alleges that the firm "appointed the plaintiff its attorney in fact to collect said account."

3. It is a fundamental rule that an action at law will not lie between partners upon a claim growing out of the partnership transactions until the partnership business is wound up and the accounts finally settled. The reason assigned therefor is that until an accounting is had it cannot be known but that plaintiff may be liable to refund even more than he claims in the particular action. Plaintiff insists that the assignment of the claim to him takes it entirely out of the rule, and in support of his position cites a number of cases which we have examined with great care. The Oregon case, *Beacannon* v. *Liebe,* 11 Or. 443 (5 Pac. 273), differs from the case at bar to this extent: In that case the complaint alleged that the assignment was made for a valuable consideration, and, if the opinion correctly states the true conclusion, which the writer doubts, it is noteworthy that Mr. Justice Thayer's deduction was based entirely upon *Thayer* v. *Buffum,*

11 Met. (Mass.) 398, which was an action upon a promissory note in the hands of a second indorsee. In a similar case, *Wilson* v. *Wilson,* 26 Or. 251 (38 Pac. 185), Mr. Justice Wolverton says:

"The giving of a promissory note by one partner to another is an isolation of the demand in respect of which the note was given from the general partnership account"—citing a number of authorities.

None of the other cases cited by counsel sustains his position any better, if indeed as well, as the case of *Beacannon* v. *Liebe, supra.* At least two of them are cases wherein the action is based upon a promissory note in the hands of an indorsee, a third was based upon a specific loan, and the remaining citation was an instance in which the court distinctly points out that the debt was "an independent undertaking."

4. We conclude, then, that an assignment of an account for collection which does not deprive the assignor of a beneficial interest therein does not relieve the case from the operation of the general rule. The answer therefore states a good defense.

5. We then come to a consideration of the question: Did the court abuse its discretion in denying the motion to vacate the judgment? As has been already remarked, the affidavits are very unsatisfactory, but it appears that the defendant really thought that negotiations for a settlement were still pending until proceedings upon execution were begun, when he promptly filed his motion. It has been the policy of this court in a long line of decisions, which it is not necessary to cite, to favor a trial upon the merits whenever there has been no long delay upon the part of the defendant in seeking relief. We think that the showing is such that the motion should have been allowed. The judgment will therefore be reversed, with directions to the

trial court to vacate the former judgment and permit the defendant to file his answer.

REVERSED WITH DIRECTIONS.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE MCBRIDE concur.