[No. 15101. Department One. May 31, 1919.]

JOHN R. MILLER, *Respondent*, v. GEORGE H. KEMPER, *Appellant*.[1]

PARTNERSHIP (30) — ACTIONS — NECESSITY OF ACCOUNTING. One partner cannot, before dissolution of the partnership, maintain an action against his copartners to recover advances made to the partnership, such advances not being made to the other partners as individuals (CHADWICK, C. J., dissenting).

PLEADING (6) — COMPLAINT — CONCLUSIONS. A complaint upon a written contract cannot be aided by pleading an interpretation of it contrary to the legal effect of the agreement.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered April 22, 1916, in favor of the plaintiff, upon overruling a demurrer to the complaint, in an action by a partner to recover money advanced to the partnership. Reversed.

*Parr & Marts,* for appellant.

*Thos. M. Vance,* for respondent.

MACKINTOSH, J.—The respondent and appellant and George B. Branch entered into a partnership agreement looking towards the operation of a farm owned by them, the agreement providing, among other things, that:

". . . during the absence of said Kemper the other partners may expend such amounts as may be necessary to the upkeep or improvement of the place, notifying said Kemper of such expenditures. If they pay out their own private funds they are to be allowed six per cent interest on such amounts expended until reimbursed, but under no circumstances are they, or either of them, to buy goods on credit, or in any way obligate the ranch for supplies to an amount over $250, unless the funds are on hand to pay such obligations, either of their own or the company's funds."

[1]Reported in 181 Pac. 859.

The complaint, after calling attention to this agreement, states that the partnership is still continuing, not having been dissolved, and that the respondent "has advanced to the said partnership and for its use and benefit in the upkeep and improvement of the farm property, a total sum of $14,171.03"; it is then alleged that the three partners have contributed the sum of $36,008.75, and that each partner's contribution should be one-third of that sum, and that the respondent, by reason of his advancement, has contributed more than his share, and that the sum of $399.91 "represents the contribution to the partnership capital made by the respondent to the benefit individually of the appellant." To this complaint the appellant demurred, and the demurrer being overruled, and he standing upon it, judgment was entered in accordance with the prayer of the complaint.

The complaint attempts to interpret the portion of the partnership agreement which we have quoted, in this manner:

". . . that by the terms of the partnership agreement each partner was authorized to advance moneys for the use and benefit of the said partnership as might become necessary in the improvement or upkeep of the said farm, and when such advancement was made the partner so making the advancement was and is to be allowed six per cent interest on such advancements, the *same becoming a charge* against the other two partners in proportion to their interest and investment."

Respondent concedes the rule to be that one partner cannot sue another, before dissolution of the partnership, on a claim growing out of the partnership business. The appellant asserts his right to be relieved from the operation of this rule of law by resort to the exception that one partner may sue another on an obligation which does not grow out of the partner-

ship, although it may in some degree relate to the partnership, the appellant claiming that the advancement was not made to the partnership, but was an advancement to his partners as individuals. It is, of course, true that there obtains such an exception to the rule, and one partner may sue another for advancements which he has made to the other, which advancements may have been used in the partnership business; but this exception cannot be invoked in the present case, for, as we read the contract, the advancements which are sought to be recovered here are, by the terms of the agreement, advancements made to the partnership, and constitute a loan on the part of the respondent to the partnership which cannot be collected until after an accounting has been had and primary creditors have been protected and the partnership dissolved.

That portion of the complaint which seeks to charge the advancement against the appellants individually is not good against the demurrer, for the reason that it is an interpretation which the pleader has put upon a written instrument, an interpretation contrary to our view of the agreement. The complaint, disregarding this improper interpretation, does not state facts sufficient to constitute a cause of action, and the demurrer should have been sustained.

The judgment of the lower court will be reversed.

MAIN, TOLMAN, and FULLERTON, JJ., concur.

CHADWICK, C. J. (dissenting) — By articles signed December 10, 1910, the three parties became equal in a partnership of indeterminate duration. There is no provision in the contract fixing or limiting the amount of capital to be employed, nor any provision as to when or how contributions shall be made, other than the one quoted in the majority opinion. It is clear the

partners knew Kemper, the appellant, was to be absent a part of the time, during which Miller, the respondent, was authorized to advance money for the benefit of the business, with the agreement, if he did so out of his private funds, he should be reimbursed therefor, with interest at six per cent. There can be no reasonable and natural understanding of the contract other than that permitting Miller to recover from Kemper whatever amount he advanced, with interest, for Kem-per's benefit, keeping in mind the equality of their relations to the partnership business. Any other construction of the contract would impose upon respondent a greater risk than he assumed in the agreement that the partners were to share equally in the losses. Indeed, all the parties so understood it, because the complaint specifically alleges, ''that about May 4, 1912, a settlement was had between the partners and a balance struck.'' Immediately the complaint then sets out the total amount invested in the business, the amount paid in by each, that the amount furnished by each of the others is less than one-third of the total, and that respondent's overpayment was to the advantage of appellant in the sum of $399.91, for which judgment was demanded. Appellant's demurrer admits this. There is no necessity to invoke the liberality enjoined by Rem. Code, § 285, in the construction of pleadings, to observe that the effect of the allegations of the whole complaint (notwithstanding some portions thereof in the nature of conclusions or surplusage that were not moved against by appellant) is to recover for an oversubscription to the capital of the partnership made by respondent for appellant's benefit, according to the terms of the covenants in the contract, due upon a settlement between the parties and a balance struck. In such case the rule, admitted in the majority opinion, is:

"An action may be brought on a note or other obligation, given by one partner to another for a valid consideration, although the transaction may inure to the benefit of the firm, . . ." 30 Cyc. 467.

Story on Partnership (7th ed.), page 345, § 219, states the rule to be as follows:

"It is true that one partner may maintain an action at law against the other partners or any one or more of them, for moneys advanced or paid or contributed at their request, for their separate and distinct account and benefit."

Vol. 2, Bates, Partnership, § 878, says:

"The real test is not solely whether the action can be tried without going into the partnership accounts, but whether the defendant has bound himself personally to the plaintiff."

Among other authorities to the same effect are *Ryder v. Wilcox,* 103 Mass. 24; *Benton v. Hunter,* 119 Ga. 381, 46 S. E. 414; *Wright v. Michie,* 6 Gratt. (Va.) 354; *Carpenter v. Greenop,* 74 Mich. 664, 42 N. W. 276, 16 Am. St. 662, 4 L. R. A. 241; *Bates v. Lane,* 62 Mich. 132, 28 N. W. 753; and *Mitchell v. Wells,* 54 Mich. 127, 19 N. W. 777.

An action of this kind in no sense disturbs the rights of creditors with reference to the partnership assets or its liabilities, or the liabilities of the partners.

The judgment of the lower court should be affirmed.