[No. 19828.  Department One.  May 28, 1926.]

F. L. POTTER, *Respondent*, v. ALBERT H. SCHEFFSKY et al., *Appellants.*[1]

[1] PARTNERSHIP (14)—EVIDENCE OF RELATION—SUFFICIENCY. A partnership relation is sufficiently shown by the testimony of one and the admission of the other partner that it existed, together with details as to the manner of conducting the business and keeping the funds and bank account.

[2] SAME (30)—ACTIONS BETWEEN PARTNERS—NECESSITY OF ACCOUNTING. A partner cannot sue his co-partner for money received or advances made until after a full settlement and dissolution of the partnership.

Appeal from a judgment of the superior court for Grays Harbor county, Campbell, J., entered September 4, 1925, upon findings in favor of the defendant, in an action to foreclose a chattel mortgage, tried to the court. Affirmed.

*W. J. Murphy, B. G. Cheney,* and *T. H. McKay,* for appellants.

*F. L. Morgan,* for respondent.

HOLCOMB, J.—Appellant Scheffsky, sought, by short foreclosure by sheriff's notice of sale, to foreclose a chattel mortgage upon a truck claimed by appellant to belong to respondent. Respondent caused the foreclosure to be removed to the superior court, and pleaded, by way of affirmative defense, that a partnership existed between him and the appellant; that the truck was partnership property; that the loan was made by a third party, but the note and mortgage were taken in the name of appellant. Appellant put in issue the affirmative defense and prayed foreclosure of the mortgage.

[1]Reported in 246 Pac. 576.

At the beginning of the trial, the court assumed that the plaintiff Scheffsky was the real plaintiff and that respondent was the real defendant, but respondent assumed the burden of proof under his affirmative defense.

The court denied to appellant the right to introduce in evidence the note and mortgage as a basis of his foreclosure action, and also the bill of sale from the vendors of the truck to respondent. The note, mortgage and bill of sale were first received in evidence, tentatively, subject to the objection of respondent, and subject to the determination by the court of the issue of partnership alleged by respondent. After hearing the evidence and determining that the partnership relation existed between the parties, and that the relation of debtor and creditor did not exist, the court then excluded the instruments, and ordered them to be withdrawn from the files. They are not incorporated in the record before us as rejected evidence, to be examined.

After hearing all the evidence as to the alleged partnership, the court found that the partnership existed, and rendered judgment directing a return of the truck to respondent, and that appellant refrain from proceeding further with the foreclosure.

Appealing, appellants contend that the court erred in excluding the instruments above mentioned; in finding that the relationship between the parties was not that of debtor and creditor, but a partnership, and that the relationship existing between them called for an accounting; and that appellant was not entitled to foreclose the alleged mortgage against respondent.

[1] The record discloses that there was ample evidence tending to show a partnership, not only by the direct evidence of respondent, but by testimony of admissions and declarations made to various persons

by appellant Scheffsky that he was a partner with respondent in a business started by them about March 1, 1925, and known as the Acme Fish & Produce Co. While the evidence as to the details of the partnership is not definite, it was shown that appellant was to contribute five hundred dollars or six hundred dollars, was to pay the indebtedness due on the truck in question; respondent was to contribute his services and manage the business for the copartnership, and the truck in question was to be used in the business. The evidence also shows that the copartnership had its office in a room furnished by appellant Scheffsky, one of a number of rooms leased by him, with a telephone furnished by him; that the bank account was kept in a bank other than that of appellant Scheffsky; that appellant at various times advanced various sums with which to pay accounts for stock and services; that he controlled the bank account and that respondent made daily reports, which are incorporated in the record, to appellant. All this evidence is certainly sufficient, when the court believed the direct evidence of respondent, to establish the partnership relation. The details as to how they were to divide the profits or losses is not a matter necessary to be shown, except in the accounting matter. It was also shown that an action is pending in the same court, which had not been brought to issue at the time of the trial of this case, in which an accounting may be required.

Appellants contend that, in the absence of a written agreement, the person alleging a partnership between himself and another is bound to establish its existence by clear proof. (30 Cyc. 412, 413.)

Although there was a conflict in the testimony, there was clear proof of the existence of a partnership, which the trial court resolved in favor of respondent. The

evidence does not preponderate against that conclusion, but rather in its favor.

[2] In such a case, the law is clear, that a partner cannot recover from a copartner money received by him, until after a full settlement of the partnership business; nor, before dissolution of the partnership, maintain an action against a copartner to recover advances made to the partnership. *Kwapil v. Bell Tower Co.,* 55 Wash. 583, 104 Pac. 824; *Miller v. Kemper,* 107 Wash. 274, 181 Pac. 859.

Under the facts and the law, we cannot disturb the judgment of the trial court, and it is therefore affirmed.

TOLMAN, C. J., ASKREN, BRIDGES, and FULLERTON, JJ., concur.