[Filed April 5, 1892.]

## R. G. McDONALD v. R. J. HOLMES.

PARTNERS—JOINT DEBTORS—STATUTE OF LIMITATIONS.—It is a general rule, that a joint debtor may, as soon as he has paid more than his share of any single joint debt, enforce contribution from his fellow-debtor as to that debt; but as between partners, this principle does not apply, the rule in such case being, that no cause of suit or action arises in favor of one against the other for contribution, and the statute of limitations does not begin to run, until the partnership business is fully settled and a balance in favor of one or the other ascertained, notwithstanding the partnership itself may have been previously dissolved.

Multnomah county: L. B. STEARNS, Judge.

Plaintiff appeals.  Affirmed.

*Milton W. Smith,* and *Walter S. Perry,* for Appellant.

*F. R. Strong,* for Respondent.

LORD, J.—This is a suit in equity, brought by the plaintiff against the defendant to compel contribution on account of the payment by him of a certain judgment obtained against the plaintiff and defendant as partners. It appears from the complaint that the plaintiff and defendant were equal partners during the year 1881, and for some time prior thereto, doing business under the firm name of R. G. McDonald, and that they failed in business, owing considerable sums of money to various individuals and firms; that among those having claims against the firm of R. G. McDonald were Oberfelder Bros. & Co., who, on the seventh day of March, 1882, obtained judgment against the plaintiff and defendant as partners for the sum of one thousand two hundred and sixteen dollars and eighty-eight cents, and twenty-one dollars and seventy-five cents costs and disbursements; that the said judgment was duly entered in the proper records and kept in full force and effect; that on the fifth day of September, 1890, an execution was issued in favor of the said Oberfelder Bros. & Co., and that the same was duly paid thereunder by the plaintiff, amounting to the sum of one thousand eight hundred and seventy dollars and twenty-nine cents.  It is to recover one-half of this sum, so paid by the plaintiff, with interest at six per cent from the last date aforesaid, that this suit is brought.

The defendant answered, and set up as a separate defense in substance that the plaintiff and defendant were equal partners engaged in business in the city of Las Vegas in the territory of New Mexico, and that sometime in July, 1881, as such partners, they failed in business and became insolvent, owing to divers persons divers and sundry sums

of money; that since said date the defendant had paid on account of said partnership to the creditors of said firm the amounts hereinafter specified, interest included, which, for brevity, may be thus tabulated:

| | | |
|---|---|---|
| 1881, December. | J. C. Brunner & Co. | $122 61 |
| 1882, January. | Gunther & Co. | 755 43 |
| 1881, February. <br> 1881, November. <br> 1882, February. | } Craft, Holmes & Co. | 156 94 |
| 1882, June. | C. F. Herman | 78 88 |
| 1882, July. | Udell, Schemening & Co. | 45 00 |
| 1883, April. | J. P. Campbell | 32 00 |
| 1882, October. <br> 1882, December. <br> 1883, April. | } A. Mau & Co. | 158 40 |
| 1882, January. <br> 1882, December. <br> 1883, June. | } Cook & Bernheim | 199 56 |
| 1882, July. <br> 1883, June. <br> 1883, July. | } Charles Bebstock & Co. | 150 57 |
| 1883, July. | F. M. James & Son | 5 00 |
| 1882, March. <br> 1883, March. <br> 1884, March. | } Philip Best Brewing Co. | 595 56 |

That all said payments were made for and on account of the indebtedness of said firm, composed of the plaintiff and defendant, and are a part of the same transaction set forth by the plaintiff in his complaint, and that plaintiff is liable to the defendant for one-half the sum or sums paid, etc., but that plaintiff has not paid defendant any part or portion of said sum or sums of money, etc.

There is another separate defense set up, but the view we take of the case renders its statement unnecessary.

The plaintiff demurred to all the new matter set up in

the answer upon the grounds, (1) of the insufficiency of the facts alleged, and (2) the statute of limitations. The demurrer was overruled by the trial court, and from the judgment rendered thereon this appeal is taken. The contention for the plaintiff is, that when the partnership was dissolved it terminated the relation of the parties as partners, and that thereafter they stood to each other in the relation of one joint debtor to the other as to the liabilities of the firm. Hence, he claims that this is a suit by one of two joint debtors against his fellow-debtor to recover contribution for one-half of a joint debt paid by him, and that the items set up by the defendant in his separate defense are simply claims for contribution by one joint debtor against another; and consequently, upon the theory, as we suppose, that each debt at the date of its payment represented a cause of suit for contribution, the statute began to run against each debt when paid. But we do not so understand the law.

In the absence of any arrangement as to existing liabilities after dissolution, the partnership relation between the partners remains until the partnership affairs are adjusted. A debt due by the firm is a partnership debt as much after the dissolution as before it, as in like manner property owned by the partnership remains partnership property until disposed of or segregated. The interest of a partner in the partnership property is not in any particular part or portion of it, but his share is in the balance remaining after the payment of the partnership debts, and after the settlement of the accounts between the several partners. "For," as Houck, J., said, "his co-partners have a specific lien on his share of the assets of the partnership to secure his indebtedness to the firm; and in the ascertainment of his interest in the property of the firm, his indebtedness thereto must be taken into account and settled out of his share." (*Over* v. *Hetherington*, 66 Ind. 369.) Nor is there any implied promise, when a partner pays a debt of the

firm, that his co-partners shall pay him their proportion of the debt so paid as it exists between joint debtors when one joint debtor pays the joint debt. "Where two independent parties owe a joint debt," said the court in *White* v. *Harlow*, 5 Gray, 468, "and one pays the whole, which he may be compelled to do by the creditor, the law, in the absence of any express agreement of such debtors, implies a promise of the co-debtor to him who has thus paid the whole, to pay him one-half of the common debt thus discharged. But when one partner thus pays the whole debt, the law implies no such promise; it merely authorizes him to charge the whole to the firm in the partnership account of which he will have the benefit as a credit on settlement of that account voluntarily or by a suit in equity." The difference grows out of the legal relation of the parties. Partnership transactions are not a disjointed collection of distinct and separate matters. "No partner," says Mr. Parsons, "has a several and personal claim on any other partner for any matter in which the partnership is interested, because neither can the partners be separated, all being interested both as plaintiffs and defendants, nor can any claim or item of claim be separated from the other interests of the partnership. One partner may to-day pay much more or much less than the sum which would fall upon him to pay in proportion, either to the number of the partners, or to his share or interest in the concern. But yesterday he may have done just the reverse; and the charge or credit of yesterday must be brought into connection with the charge or credit of to-day, before it can be ascertained whether he has paid too much or too little, and therefore whether he may claim of the other partners or they of him. But, to settle this question finally and justly, the charges and credits of all other days, and not only so, but of all the other partners, must be taken into consideration, before it can be ascertained whether the plaintiff has a valid claim against the defendant." (Pars. Part. *268.)

Nor can one partner, who has paid a partnership debt, sue his co-partner for contribution, without showing that the partnership affairs have been fully settled. The right depends upon the state of accounts then existing. "One partner," said ELLIOTT, J., "who pays a partnership debt, cannot sue his co-partner for contribution without showing that the partnership affairs have been fully settled. It may be true that a partner has paid all of a specific partnership liability and yet be indebted to his associate. The right to compel contribution depends upon the state of the accounts between the parties upon the adjustment of all partnership affairs. * * * The reason of this rule is, that until all the partnership affairs are adjusted, there can be no adjudication of the rights of the parties as to one only of an entire series of transactions. In order to determine the rights of the partners as to one of many partnership transactions, it is necessary to know their rights as to all, for the partnership business is a continuous thing, not a broken and disjointed collection of distinct and separate affairs." (*Crossley* v. *Taylor*, 83 Ind. 337.) When the affairs of a partnership have been adjusted and settled, and a balance appears in favor of one of the partners, a suit for contribution lies as well in equity as at law, for the remedies are concurrent. (*McGunn* v. *Hanlin*, 29 Mich. 476.) Hence, one partner cannot sue another for his share of any particular debt or transaction while the partnership accounts are unadjusted, although the firm may have been dissolved. (*Harris* v. *Harris*, 39 N. H. 45.) The conceded facts in this case show that the partnership has been dissolved, but that there has been no settlement or winding up of the partnership affairs between the partners so as to show what, if anything, is due from one to the other. In such case, one partner cannot sue the other for contribution, either at law or in equity, for any matter or transaction connected with the co-partnership, until the partnership affairs have been adjusted and a balance found due from one to the other.

One partner may sue another at law where the cause of action was never connected with the partnership, or has been separated from it by explicit acts, or where the partnership is confined to a single transaction. (*Lawrence* v. *Clark*, 9 Dana, \*257; 35 Am. Dec. 133.)

Mr. Justice STORY says: "The cases in which a recovery can be had at law by way of contribution between partners are very few, and stand upon special circumstances. The usual, and indeed almost the only, effectual remedy is in equity, where an account of all the partnership transactions can be taken." (1 Story Eq. Jur. § 504.)

As this suit is by one partner against the other to compel contribution for the payment of a partnership debt, when the facts show that there has been no accounting or settlement of the partnership affairs, it results that it cannot be maintained, unless the suit is allowed to embrace an accounting and full settlement of the partnership affairs, and then only to recover such excess as appears after such accounting and settlement that the plaintiff has paid beyond his share. Until this balance is ascertained in favor of one or the other partner, there exists no cause of action for contribution; and until a cause of action exists, the statute of limitation does not begin to run.

There was no error in overruling the demurrer.