Argued February 18, decided March 24, 1908.

## SIMPSON v. MILLER.

[94 Pac. 567.]

PARTNERSHIP—ACTIONS BETWEEN PARTNERS.

1. As a general rule, an action at law will not lie in favor of one or more partners against one or more copartners on a demand growing out of a partnership transaction, until there has been a settlement of account and balance struck.

SAME—DISSOLUTION OF PARTNERSHIP—NATURE OF SETTLEMENT.

2. Parties entered into a partnership to buy timber land and dispose of the timber thereon, the agreement being that the timber should belong to them as partners, and, when the logging was completed, one of them should own the land, and that they should equally share the profits and losses. In pursuance of this agreement, they established a logging camp, and, after cutting a large amount of timber, they ceased operations and had a settlement of their partnership affairs up to that time, paying all the expenses and indebtedness, after which they divided the profits, and plaintiff sold to defendant his half interest in the remaining timber for a stipulated price per 1,000 feet. *Held*, that this transaction effected a dissolution of the partnership..

SAME—ACTION.

3. Where there has been a complete accounting of all partnership matters and the sale by one of the copartners to the other of his interest in the remaining property for a stipulated sum, an action at law will lie to recover the price agreed on, although no definite time for payment was fixed.

From Polk: GEORGE H. BURNETT, Judge.

Statement by MR. COMMISSIONER SLATER.

This action is to recover ·$510 for plaintiff's alleged undivided one half interest in all the fir and hemlock timber standing at the time of sale upon a certain 160-acre tract of land known as the "Jim Price claim," in Polk County, which plaintiff alleges he sold and delivered to defendant on or about January 1, 1904, at the agreed price of 30 cents per 1,000 feet, to be paid when such timber had been cut and removed by defendant, and the log measure thereof ascertained. It is alleged that defendant, before August 1, 1905, cut and removed from the land.1,700,000 feet· of timber, and that he has paid no part of the purchase price to the plaintiff, though demand therefor has been made. The answer consists of a general denial. At the conclusion of plaintiff's case in chief, defendant moved for a nonsuit, which, having been sustained, judgment was entered dismissing the action, from which plaintiff appeals.          REVERSED.

For appellant there was a brief and an oral argument by *Mr. Oscar Hayter*.

For respondent there was a brief over the names of *Mr. William H. Holmes* and *McFadden & Bryson,* with oral arguments by *Mr. Holmes* and *Mr. E. R. Bryson*.

Opinion by Mr. Commissioner Slater.

It is not clear that, under the pleadings and evidence in this case, defendant can bar the prosecution of the action by a motion for a nonsuit based upon reasons which amount to an affirmative defense, but are not pleaded. Plaintiff has alleged a sale to defendant of an undivided interest in some timber for a definite sum. There is no suggestion in the complaint of a partnership relation, or that the property sold was partnership property. These averments are met by a general denial without any affirmative defense. When proof has been submitted of the sale as alleged, but connected with other proof that the property sold had been the property of a partnership which had existed between plaintiff and defendant, the objection is interposed by motion for a nonsuit that no cause of action is shown, because the transaction related to an unsettled partnership. Such objections are usually raised by demurrer or answer, and it would appear from the case of *Wilson* v. *Wilson,* 26 Or. 251 (38 Pac. 185), that such defense, when made, amounts to an equitable plea in abatement, and that the better reasoning and authority is in favor of the rule that will not permit a mere suggestion of an equitable defense to defeat the action at law, wherein such defense cannot be made available. We do not wish, however, to be understood as passing upon that question, as we are of the opinion that the case, as made, is not within the general rule applicable to partnership transactions, but is an individual transaction and within the exception to the general rule.

The evidence tends to show that early in the year 1903 plaintiff and defendant entered into a copartner-

ship limited to the single purpose of jointly buying the Jim Price claim and logging and disposing of the timber thereon to the Spaulding Logging Co., under a contract theretofore made with that company by defendant; that it was agreed that the timber on the claim when purchased, should belong to plaintiff and defendant as partners, but that, when the logging was completed, defendant should own the land; that they should share equally in the profits and losses of their venture, and, in pursuance of this agreement they bought the Price claim, established a logging camp, and during six or seven months following the inception of the partnership cut from the timber thereon and delivered about 2,500,000 feet of logs; that they ceased logging operations in the fall of the year 1903, and soon thereafter had a settlement of their partnership affairs up to that time, and, after paying the purchase price of the claim and the expense of logging operations from the proceeds of the sale of the timber, they divided the profits of their venture, which in the aggregate amounted to $1,300; that in the winter or early spring following, plaintiff sold to defendant his one half interest in the remaining timber standing on the claim, under a verbal agreement by which defendant agreed to pay plaintiff 30 cents per 1,000 feet therefor; that soon afterwards the dishes, tools and other logging outfit acquired by the partners were divided, and plaintiff has since taken no part in the logging enterprise or claimed any interest in it; that defendant during the fall of 1904 and spring of 1905, as his own individual enterprise, logged off the remaining timber, completing the work about June, 1905, and cut and removed between 1,470,000 and 1,502,543 feet of saw logs; and that plaintiff has demanded of defendant payment therefor at 30 cents per 1,000 feet, but defendant denied any liability on account thereof.

1. The ground of defendant's motion for a nonsuit is that the transaction between plaintiff and defendant was

had concerning a partnership property and at a time prior to the dissolution of the partnership, and that it is cognizable only in a suit for an accounting between the parties. The rule is quite general that an action at law will not lie in favor of one or more partners or their representatives against one or more copartners or their representatives upon a demand growing out of a partnership transaction until there has been a settlement of account and a balance struck: 15 Pl. & Pr. 1005; *Wilson* v. *Wilson,* 26 Or. 251 (38 Pac. 185) ; *McDonald* v. *Holmes,* 22 Or. 212 (29 Pac. 735). The reason for the rule, it is said, is found in the inherent nature of the partnership relation, and consists in the fact that prior to the accounting and settlement of the partnership affairs, no cause of action exists between the partners founded solely upon partnership dealings: 15 Pl. & Pr. 1015; *McDonald* v. *Holmes,* 22 Or. 212 (29 Pac. 735). The rule has been announced and applied in a great variety of cases. Thus it has often been held that a partner cannot maintain an action at law to recover compensation for work and labor or services performed by him for the firm, or for money paid by him for the use of the firm, or contributed to the capital of the firm, or for goods sold to the firm, or for a share of the profits earned by the firm, or of the proceeds of partnership property. Nor will an action lie against a partner for money had and received by him for the use of the firm, or for a proportionate share thereof, or for money drawn out of the firm in excess of his share, or to recover the price of property sold to him by the firm: 15 Pl. & Pr. 1017-1019.

2. The facts of this case, however, do not come within any of those above mentioned. The promise sued on was not made in the course of partnership dealings, and did not arise out of partnership transactions, but was made between them as individuals: *Clark* v. *Fowler,* 57 Cal. 143. The action is based upon an express agree-

ment for the sale by one partner to his copartner for a definite price of his interest in all or the substantial part of the partnership property, with the evident purpose and intent of dissolving the partnership relation. And the effect of the transaction is *ipso facto* a dissolution of the partnership: *Spaunhorst* v. *Link,* 46 Mo. 197; *Allen* v. *Logan,* 96 Mo. 591 (10 S. W. 149); *Ligare* v. *Peacock,* 109 Ill. 94; *Richardson* v. *Gregory,* 126 Ill. 166 (18 N. E. 777). So far as the evidence disclosed, nothing remained to be done by them to effect a complete separation of a joint interest except the division of the tools and implements used by them in the partnership business, and this was soon afterwards done.

3. From the facts shown that a short time prior to the alleged sale a settlement was had between plaintiff and defendant concerning their partnership affairs, and that a profit was ascertained and divided between them, it must be inferred that it was a complete settlement of partnership transactions to that time, although it was not so expressly testified to by anyone at the trial. A profit is the excess of receipts over expenses, and in winding up a partnership nothing is properly divisible as a profit which does not answer this description: 2 Lindley, Partnership, *394. So that, when it is once shown that profits have been ascertained and divided, it must be inferred that at least all of the ordinary running expenses of the partnership have been paid, and this would include any outlay or advances made by either partner on account of partnership transactions: 1 Lindley, Partnership, *382. The evidence is clear that not only the ordinary running expenses, including compensation to each partner for his labor, were paid out of the receipts before ascertainment of profits, but extraordinary liabilities, such as the initial cost of partnership property, were also paid, and hence it must be inferred that there was a complete accounting of all partnership matters at that time; and, it not affirmatively

appearing that there were any unsettled partnership accounts or liabilities existing between them at the time of the sale, or at the time of the bringing of the action to call for an accounting, there exists no reason why the action cannot be maintained, although it is not shown that a definite time for payment of the purchase price was fixed, for the law would presume that it should. be paid within a reasonable time after the amount due was ascertained. This case, then, appears to be one where the partnership has been dissolved, and the parties have accounted with each other as to everything relating to the partnership business excepting this one item of property, in which the plaintiff alleges he has sold his interest to the defendant for a specific price, and under such circumstances he can maintain his action: 15 Pl. & Pr. 1031.

It follows that the judgment should be reversed and the cause remanded for further proceedings.

REVERSED.