Argued November 4, decided November 24, 1908.

## TIEMAN v. SACHS.

[98 Pac. 163.]

PARTIES—DEFECTS—MISJOINDER—SUFFICIENCY OF DEMURRER—"DEFECT OF PARTIES."

1. "Defect of parties," as a ground of demurrer, means too few, and not too many, and a demurrer on that ground can be interposed only for nonjoinder of necessary parties, and not for misjoinder.

PARTNERSHIP—ACTIONS BETWEEN PARTNERS—AFTER DISSOLUTION.

2. The principle on which partners after dissolution can sue each other, as to partnership property, is that, the joint interest as partners having ceased, a new contract has been made between the parties in their individual, as distinct from their partnership characters, and hence whether two partners can jointly sue their copartner after dissolution to recover a share of former partnership property depends upon the character of the agreement of settlement among the partners.

ACTION—JOINDER OF CAUSES—ACTIONS BETWEEN PARTNERS.

3. A complaint, in an action by two partners against a copartner after dissolution to recover a share of former partnership property, which alleged a promise of defendant at the time of dissolution to account for and pay over to plaintiffs their proportionate share of all moneys collected from a box of merchandise (the property in dispute), was not demurrable on the ground that two separate causes of action had been improperly united, since the alleged promise was to plaintiffs jointly and not severally.

PARTNERSHIP — ACTIONS BETWEEN PARTNERS AFTER DISSOLUTION — ADMISSIBILITY OF EVIDENCE.

4. In an action by two partners against a copartner after dissolution on his express promise to pay them their share of an item of partnership property, it was not error to exclude evidence that there had been no settlement of the partnership business, and that the payment of outstanding bills was unprovided for, since, the action not being on an implied promise to pay, arising from a general settlement of the partnership business, the fact that partnership debts had not been paid was immaterial.

ESTOPPEL—NECESSARY OF PLEADING.

5. In an action by partners against a copartner after dissolution to obtain a share of alleged partnership property, where defendant alleged title in himself to a half interest in the property by purchase from E., one of the partners, prior to the formation of the partnership, and plaintiff's reply was merely a denial, they could not contend on trial that defendant was estopped to claim ownership by acquiescing in the contribution of the property by E., as his share of the partnership stock upon coming a partner, since an estoppel must be special pleaded where there has been an opportunity therefor.

PARTNERSHIP — ACTIONS BETWEEN PARTNERS AFTER DISSOLUTION — EVIDENCE.

6. An action by partners against a copartner after dissolution to obtain a share of property alleged to have belonged to the partnership, and which defendant had at the dissolution thereof expressly promised to divide among the partners, is in the nature of an action for money had and received by defendant to plaintiffs' use, necessarily based upon a title theretofore existing in plaintiffs, and proof of the previous joint ownership as alleged is essential to a recovery; the mere proof of defendant's voluntary promise at the time of the dissolution to divide the property not being sufficient.

From Baker: WILLIAM SMITH, Judge.

This is an action by Max Tieman and Max Ellias against M. H. Sachs, to recover plaintiffs' share of a box of goods lost, the proceeds thereof having been collected by the defendant from the carrier by whom they were lost. From a judgment in favor of plaintiffs, defendant appeals.

Statement by MR. COMMISSIONER SLATER.

This is an action to recover $92.37, as plaintiffs' proportionate share of the proceeds of a box of lost goods, collected by defendant from the carrier by whom they were lost.

It is alleged, in substance: That the plaintiffs, the defendant, and a fourth party, Frank Ellias, on April 17, 1907, entered into a co-partnership for the purpose of conducting a mercantile business at Baker City, Oregon, and elsewhere; that when the firm began business they invoiced and put into the business, among other things, 14 boxes of merchandise that had been shipped to them from Marine City, Michigan; that thereafter one of said boxes was lost in transit; that defendant presented to the carrier a claim for the value thereof in the amount of $410.56, and in November, 1907, through an attorney, collected that amount at an expense of $41.06, as attorney's fee; that of the net amount, defendant paid Frank Ellias one fourth, $92.38, as his share, and $92.37 to be paid by him to the plaintiffs, and defendant kept and retained the remainder, to-wit, the sum of $184.74; that by the terms of the co-partnership agreement the co-partners agreed to share equally in all business losses and profits; and that by reason thereof, together with a settlement among them alleged to have been had in September, 1907, by which the partnership was dissolved and all business thereof was closed and an accounting had, except as to this claim for lost goods, the defendant became indebted to plaintiffs in the sum of $92.37.

Concerning the settlement, it is alleged "that, at the time of the dissolution of the said firm, said defendant promised and agreed with the plaintiffs to account for and pay over to the plaintiffs their proportionate share of all moneys collected from said claim for said box of merchandise, and to pay to the said plaintiffs their full share of the assets of said firm." A demand upon defend-

ant and a refusal by him to pay the amount claimed to be due are alleged.

A demurrer to the complaint was interposed by defendant on the several grounds: (1) That there is a defect of parties plaintiff; (2) that two separate causes of action have been improperly united; and (3) that the facts are not sufficient to constitute a cause of action. The demurrer being overruled, defendant answered, denying the material averments of the complaint, and for an affirmative defense alleging: That, prior to the formation of the co-partnership, Frank Ellias was the sole owner of the 14 boxes of merchandise, and while such owner sold to the defendant, for a valuable consideration, an undivided one half interest in and to the box of merchandise, which had been lost; that defendant thereafter presented to the Oregon Railroad & Navigation Company a claim for the value thereof, which was paid; that defendant disbursed the money received by paying 10 per cent collection charges, and one half of the balance to Frank Ellias; and that neither the co-partnership nor plaintiffs, or either of them, ever had or now have any interest in said box of merchandise.

By their reply, plaintiffs admit that Frank Ellias was the sole owner of the 14 boxes of merchandise prior to the formation of the co-partnership, but deny all other averments of the answer. The cause being at issue, a trial was had resulting in a verdict and judgment in favor of plaintiffs for the amount demanded, from which defendant has appealed, assigning as errors the overruling of his demurrer, rejection of competent and material evidence offered by him, and the giving of erroneous instructions.                    REVERSED.

For appellant there was a brief and an oral argument by *Mr. Orville B. Mount.*

For respondents there was a brief over the names of *Mr. Charles P. Murphy* and *Mr. Charles E. Norton,* with an oral argument by *Mr. Murphy.*

Opinion by MR. COMMISSIONER SLATER.

1. The first contention advanced by counsel for defendant in support of his demurrer is, that the complaint shows a several right of action, if any, in each of the plaintiffs, and not a joint one. Hence there was a misjoinder of parties plaintiff, and for that reason the demurrer should have been sustained. The first assignment in support of the demurrer is that there is a defect of parties plaintiff, but that, as a ground of demurrer, means too few, and not too many. A demurrer alleging this particular objection can be interposed, therefore, only in case of a nonjoinder of necessary plaintiffs or defendants, and never in case of misjoinder. Pomeroy's Code Remedies (4 ed.) § 123; *Paulson* v. *City of Portland,* 16 Or. 450 (19 Pac. 450: 1 L. R. A. 673).

2. The second ground of demurrer is the one on which defendant chiefly relies. This is based on an alleged erroneous joinder of two distinct causes of action, each of which is vested severally in each plaintiff, and that the causes of action are distinct because they arise out of the separate nature of their interests. The goods are alleged to have been partnership property, and therefore the ownership thereof would be joint, and the proceeds would be held in the same right so long as the partnership relation continued. But the principle on which partners, after dissolution, can sue each other, in relation to what had been partnership funds or effects, is that, the joint interest as partners having ceased, a new contract had been made between the parties in their individual, as distinct from their partnership, characters. The joint interest can be terminated only by an agreement vesting a separate title or interest in the thing to which before that time there had been a joint title (*Simpson* v. *Miller,* 51 Or. 232 (94 Pac. 567) ; *Riarl* v. *Wilhelm,* 3 Gill [Md.] 356), and it is also said to be the rule that two or more partners cannot sue their co-partners jointly for their shares, unless he has expressly promised them

jointly (15 Pl. & Pr. 1042). So that whether the plaintiffs may jointly sue to recover from a partner a share of what is alleged to have been partnership property depends upon the form of the alleged agreement of settlement between the parties.

3. The alleged promise on the part of the defendant relied upon in the complaint is "to account for and pay over to the plaintiffs their proportionate share of all moneys collected from said box of merchandise," etc. This is a promise to them jointly, and not severally, and hence the complaint is good as against the second, as well as the third, grounds of demurrer.

4. The defendant upon the trial testified that there had been no settlement of the partnership business, and offered to show that there were bills of the partnership still outstanding and their payment unprovided for, which evidence, on plaintiffs' objection, the court refused to receive, and error is assigned on that account. Plaintiffs are not attempting to recover upon an implied promise to pay, arising from an alleged general settlement of the partnership business, but they allege an express promise to pay them their proportionate share of a particular item of alleged partnership property. By the alleged agreement the partners have dealt with one another as individuals in relation to a specific item of partnership property, which, it is claimed, they separated by their agreement from the rest of the partnership concerns, resulting in an express agreement by the defendant to pay them their proportionate share of the proceeds thereof. Under such circumstances, it is of no importance that the debts of the partnership are not all paid, if such were the fact. Creditors cannot object. They will have the responsibility of all partners still, and the payment of money by one partner to another is not to their prejudice. If it was, that could not prevent the partners from adjusting the concerns of the partnership between themselves, so as to create a liability from one to the other. *Gibson* v. *Moore,* 6 N. H. 547.

5. The court instructed the jury: "If you find from the evidence that, in the formation of said partnership, Frank Ellias put into said firm, as his contribution to the stock thereof, * * the box that was lost, and if you further find that the defendant, Sachs, was then present and acquiesced therein, then I charge you that the defendant, Sachs, is estopped from now claiming any interest in said box other than such interest as agreed upon at the time of the dissolution of said partnership." The defendant, having excepted at the time to the giving of the instruction, now bases a claim of error thereon. An estoppel, to be available, must be specially pleaded where an opportunity to plead has been presented. *Union St. Ry. Co.* v. *First Nat. Bank,* 42 Or. 606 (72 Pac. 586: 73 Pac. 341). The defendant in his answer alleged title in himself to an undivided one half interest in the lost box of goods by purchase from Frank Ellias, the admitted owner, prior to the formation of the partnership, and he offered testimony in support thereof; but the only reply plaintiffs saw fit to make to such averment of ownership was a denial, and hence an opportunity having been thus presented to plaintiffs to plead an estoppel, and not having done so, they were in no position to claim at the trial that defendant should be estopped by this conduct from now availing himself of his averment and proof of ownership of the subject of the action, and the giving of the instruction is reversible error.

6. Error is also predicated upon the giving of instruction numbered 5, to which defendant excepted. This instruction is to the general effect that if the jury found that, as a part of the settlement of the affairs and assets of said firm, it was agreed by all of the partners that the lost box of merchandise, if received, should be divided equally among them, or that the proceeds of the claim should be divided equally, and that if defendant had received the money upon the claim and had not paid plaintiffs their proportionate share thereof, then plain-

tiffs were entitled to recover. This would appear to
authorize a recovery by the plaintiffs based solely upon
the alleged dissolution agreement, irrespective of the
question whether these goods were partnership property,
and the jury may have so understood it; but that interpretation of the instruction would make it inconsistent and
contradictory of the seventh instruction, which was given
upon defendant's theory of the case, and which is to
the effect that he would not be liable upon such a promise,
if made, "unless the lost box of merchandise was a part
of the business of the affair." The latter instruction
in our view states the true measure of defendant's liability. As a ground for recovery, plaintiffs have alleged
ownership by the co-partnership of the lost goods at the
inception of the business by and through a contract with
Frank Ellias, one of the partners, by which contract
he transferred the title to the co-partnership as part of
his contribution to the capital, and inferentially they contend that the ownership of the proceeds followed that of
the goods and was in the partnership when the alleged
special agreement was made, and hence all that the final
settlement amounts to, is an acknowledgment by defendant
of that ownership and an agreement on his part to partition the same and pay to the plaintiffs their proportionate share. This, then, is not an action to recover a share
of alleged profits, nor to indemnify plaintiffs in respect
to some particular partnership transaction, nor for contribution in respect to a particular loss, in each of which
cases some fact must be alleged amounting to an express
or implied promise based upon a sufficient consideration
to pay the amount claimed to be due; but this proceeding
is in the nature of an action for money had and received
by the defendant to plaintiffs' use, and is necessarily
based upon a title theretofore existing in plaintiffs.
*Russell* v. *Grimes,* 46 Mo. 410. And if they are entitled
to recover at all, it must be only by and through
proof of the previous joint ownership as alleged,

and not otherwise. It would not be sufficient, having failed in proof of that averment, to establish merely a voluntary promise on the part of the defendant to divide with plaintiffs property in which they have not shown that they possessed some legal interest sufficient to entitle them in good conscience to share. The burden is upon plaintiffs to establish all of the material averments of the complaint, and it is not sufficient to entitle them to recover to sustain only a part of them.

From these considerations, it follows that the judgment should be reversed, and the cause remanded to the lower court for a new trial.　　　　　　　　REVERSED.