Argued and submitted February 11, reversed and remanded August 4, reconsideration denied September 16, petition for review denied October 19, 1982 (293 Or 653)

## MOFFATT,
*Respondent,*
v.
## HARDEN,
*Appellant.*

(No. 78-10-355, CA 19526)

648 P2d 1311

Patrick R. Berg, Portland, argued the cause for appellant. With him on the briefs were John J. Tollefsen, and Tollefsen, LeChevallier & Patrick, Portland.

Diane L. Alessi, Portland, argued the cause for respondent. With her on the brief was Ransom, Blackman & Simson, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals from a judgment awarding plaintiff damages for conversion. The issue is whether the trial court erred in denying defendant's motion to dismiss plaintiff's complaint on the ground that it fails to state ultimate facts constituting a claim. ORCP 21G(3).[1] We conclude that it did, and therefore reverse.

Plaintiff alleged in his complaint that he and defendant entered into a partnership agreement to operate a kennel. The agreement provided that he would provide his skill and expertise, that she would provide the kennel and dogs and that they would share the profits. Plaintiff further alleged that, as additional consideration for the agreement, the parties became co-owners of 23 registered dogs, which previously had been defendant's sole property. Plaintiff claimed that defendant had breached the agreement by attempting to bring her new husband into the partnership without plaintiff's consent. He further claimed that defendant had fraudulently converted his interest in the dogs and had forged his signature on American Kennel Club registration certificates that purported to transfer his interests in the dogs to her. Plaintiff asked that defendant be enjoined from trying to terminate his interest in the dogs, that they be delivered to him and that he be awarded damages. In her answer, defendant denied that she gave plaintiff any interest in her dogs.

Defendant contends that because plaintiff failed to plead compliance with the procedures for liquidation and accounting under the Uniform Partnership Law, ORS ch 68, he was not entitled to bring an action for conversion.

■      An action at law will not lie against a partner upon a demand arising out of the partnership relationship until a settlement of account and balance is struck. *Troutman v. Erlandson,* 287 Or 187, 197, 598 P2d 1211 (1979); *McKee v. Capitol Dairies,* 164 Or 1, 5, 99 P2d 1013 (1940); *Simpson v. Miller,* 51 Or 232, 235, 94 P 567 (1908); *see also Mayer/ Kleinknecht v. Bassett,* 263 Or 334, 345, 501 P2d 782 (1972).

---

[1] Defendant moved for summary judgment. ORCP 47. Her motion should have been denominated a motion to dismiss on the ground that plaintiff's complaint failed to state ultimate facts constituting a claim. ORCP 21G(3). It is not contended, however, that defendant has failed to preserve her objection.

A partner may maintain an action against another partner, however, when the obligation sued upon is clearly an individual obligation, independent of their relationship as partners. *See Simpson v. Miller, supra,* 51 Or at 235-36.

In *Troutman v. Erlandson, supra,* the Supreme Court held that in a suit for an accounting a partner may "assert the fraud of the other partner insofar as it is pertinent to striking that very balance and allocating to the respective individuals their proper respective interests in the partnership property." 287 Or at 200. The court explained:

> " * * * When the balance is struck and one partner is found to be entitled to a credit which cannot be satisfied out of the partnership assets by reason of the other having wrongfully depleted those assets, the chancellor can enter such decree as will make the wrongdoer's personal assets subject to the claim of the defrauded partner." 287 Or at 200-01.

Plaintiff's contention that *Troutman* would allow an independent action for conversion here lacks merit.[2] The point of *Troutman* is that in a proceeding to settle the partnership accounts, a partner may assert a claim such as conversion or fraud that arises out of the partnership affairs.

One of the principal purposes of an accounting is to determine what property belongs to the partnership and what does not. An accounting is particularly useful in resolving ownership disputes among partners, when, as an incident to the creation of the partnership, property that is owned individually by one or more partners is integrally related to the achievement of partnership goals.

> "An accounting action is designed to produce and evaluate all testimony relevant to the various claims of the partners. It results in a money judgment for or against each partner according to the balance struck. * * * Since all activities related to the partnership are subject to scrutiny, a wide variety of matters may be determined, for example:
> " * * * * *

---

[2] Plaintiff's reliance on *Remington v. Landolt,* 273 Or 297, 541 P2d 472 (1975), and *McHenry v. Smith,* 45 Or App 813, 609 P2d 855, *rev den* 289 Or 337 (1980), for the principle that a partner can sue another partner for conversion is misplaced. Neither of those cases involved partnership property.

"(6) Questions of ownership of property, e.g., whether individual or partnership." Crane & Bromberg, Law of Partnership, 410-11 (1968) (footnotes omitted).

The question here is whether the dogs were (1) partnership property, (2) owned individually by the parties as tenants in common or (3) defendant's sole property. However owned, they constituted an asset of the partnership. Principally, the goal of the partnership was to enhance the value of the dogs and the kennel's reputation for producing a superior breed.

The close nexus between the dogs and the partnership enterprise requires that the issue of whether the dogs were partnership property, owned individually by the parties as tenants in common, or defendant's sole property should have been adjudicated in an accounting. In that proceeding the court also could have determined whether defendant had converted plaintiff's alleged ownership interest, and, taking into consideration the other rights and obligations of the parties, entered judgment accordingly. *See Troutman v. Erlandson, supra,* 287 Or at 200-01. The trial court erred in denying defendant's motion.

Reversed and remanded. Costs to appellant.[3]

---

[3] Because we reverse, we need not address the other issue raised by defendant.