Argued and submitted June 2, reversed and remanded September 10, reconsideration denied October 31, petition for review denied December 16, 1986 (302 Or 460)

KAUFMANN et al,
*Respondents,*

*v.*

NOLAN,
*Appellant.*

(A8405-03038; CA A36860)

724 P2d 912

Terrance J. Slominski, Portland, argued the cause and filed the briefs for appellant.

Timothy J. Murphy, Portland, argued the cause for respondents. With him on the brief was Grebe, Gross, Peek, Osborne & Dagle, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendant appeals from a judgment entered in favor of plaintiffs in this action between former partners. Plaintiffs sought to recover as assignees of the payee of a promissory note executed by plaintiffs and defendant as co-makers. As alternatives, plaintiffs sought indemnity or contribution. Defendant contends that the action is actually one between partners on a partnership debt and assigns error to the trial court's denial of his motion for a directed verdict, made on the ground that plaintiffs were required to secure an accounting before they could maintain an action against him. We reverse.[1]

Plaintiffs and defendant, together with two other people who are not parties to this litigation, formed a partnership to purchase an airplane to rent. They obtained a loan from Pacific Northwest Credit Union. Each partner signed as a co-maker of a promissory note in favor of the credit union. After default, the credit union sold the airplane and assessed a deficiency against the partners. Plaintiffs executed a second promissory note and a trust deed in favor of the credit union for the entire deficiency. The credit union assigned plaintiffs its rights in the original note. Plaintiffs brought this action to compel defendant to pay his share of the deficiency. At the close of plaintiffs' case, defendant moved for a directed verdict on each of plaintiffs' claims. The motions were denied. The jury returned a verdict for plaintiffs on their first and second claims for relief, on the note and for indemnity, respectively. The court, sitting in equity, returned a verdict for plaintiffs on their claim for contribution.

The general rule is that a partner cannot bring an action at law against a copartner on a claim arising out of the partnership relationship until there has been an accounting. *Troutman v. Erlandson,* 287 Or 187, 197, 598 P2d 1211 (1979); *Moffatt v. Harden,* 58 Or App 505, 507, 648 P2d 1311, *rev den* 293 Or 653 (1982).[2] At the close of plaintiffs' case, the trial court should have granted defendant's motion for a directed

---

[1] Because of our disposition of the case, it is unnecessary to address defendant's other assignments of error.

[2] Generally, partnership law applies to joint ventures. *First West M'tgage. v. Hotel Gearhart,* 260 Or 196, 203, 488 P2d 450 (1971).

verdict. The evidence was uncontradicted that plaintiffs and defendant were partners. The original promissory note was a partnership debt, the proceeds of which were used to purchase a partnership asset. Before plaintiffs could maintain the action, they were required to obtain an accounting.

Plaintiffs assert that this case falls under an exception to the general rule and does not require an accounting, citing *McKee v. Capital Dairies,* 164 Or 1, 99 P2d 1013 (1940). In that case, the court noted that

> "when a partnership is formed to carry out a single transaction or venture, which is fully closed and does not involve complicated accounts, one partner may maintain an action at law against his copartner *for his share of the profits or losses* of the venture without first having a formal accounting * * *." 164 Or at 6. (Emphasis supplied.)[3]

The exception is of no help to plaintiffs, who are attempting to recover on one particular partnership debt rather than for their share of the profits or losses of the entire venture. Plaintiffs offered no proof that the balance due on the note constituted the sole liability of the joint venture and was not subject to any setoffs. To the contrary, there was evidence of costs for maintenance of the airplane, of possible misappropriation of airplane parts by plaintiffs and of income received from rental of the airplane to be accounted for. Plaintiffs must first obtain an accounting to allocate to each of the partners a share of the partnership's profits or losses before they can maintain an action againt their copartner.

Plaintiffs are correct in their statement that, when the credit union repossessed and sold the airplane, the joint venture was dissolved as a matter of law. *See Kelly v. Tracy,* 209 Or 153, 163, 305 P2d 411 (1956). However, that does not obviate the requirement for an accounting. In *Kelly,* the reason that an accounting was unnecessary was not that the partnership was dissolved but that the transaction was isolated from the partnership business and "was in no way related to the accounting of the defunct partnership." 209 Or at 165.

---

[3] *McKee* was an action for equipment and services rendered in a joint venture for raising turkeys. The court held that neither the pleadings nor the proof disclosed that that case fell within the exception. Similarly, the facts in this case do not disclose that it falls within the exception.

Plaintiffs contend that defendant should have raised the necessity of an accounting as an affirmative defense. However, *plaintiffs* were required to plead and prove that there had been an accounting. *Moffatt v. Harden, supra.* After plaintiffs presented their case, the evidence was uncontroverted that they and defendant were partners in a joint venture, and there was no proof of an accounting. Defendant's motion for a directed verdict should have been granted.

Finally, plaintiffs argue that an accounting is only a prerequisite for actions at law and that, even if an accounting is required, plaintiffs' third claim for equitable contribution survives. We disagree. It is true that the general rule requiring an accounting before a partner can bring an action applies only to actions *at law*. In this particular instance, however, a duty to contribute or indemnify could not arise until a determination of the rights and liabilities of the parties had been made. An accounting strikes a balance and allocates to the partners their fair share of the partnership profits or losses in a single action. Plaintiffs could not maintain an action for contribution without having brought an action for an accounting first or joined one in this action. Defendant's motion for directed verdict on that ground should have been granted.

Reversed and remanded.