Robert H. BAUGH;
Nick N. Westlund; William P. Dorsey;
and Jean Patterson, as Executrix of
the Estate of Harlan W. Patterson, individually,
*Appellants,*

*and*

DOES ONE through THIRTY, inclusive,
*Plaintiffs,*

*v.*

BRYANT LIMITED PARTNERSHIPS
I through XV;
Hillshire Trusts I through XV;
Pacific Northwest Trust Co.;
Does One through Forty-Five;
and David L. Bryant,
*Respondents,*

*and*

PACIFIC NORTHWEST TRUST CO.,
*Defendant.*

(86-1-357; CA A48114)

849 P2d 1137

John C. Caldwell, Oregon City, argued the cause for appellants. With him on the brief was Hibbard, Caldwell & Schultz, Oregon City.

No appearance for respondents.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

This is an action for contribution and to set aside fraudulent conveyances. Plaintiffs paid a note signed by plaintiffs and six other individuals (defendants). Plaintiffs sought contribution from defendant Bryant and also sought to set aside conveyances made by Bryant after plaintiffs paid the note, allegedly in an effort to shield assets that might be subject to plaintiffs' claim for contribution. The trial court entered judgment for defendants on both claims. We determined that the judgment was not appealable and granted leave for the court to enter a correct form of judgment. We later dismissed an appeal from that corrected judgment as untimely. *Baugh v. Bryant Limited Partnerships*, 104 Or App 665, 803 P2d 742 (1991). The Supreme Court reversed, 312 Or 635, 825 P2d 1383 (1992), and remanded the case to us. Only the claim for contribution against Bryant is involved in the appeal.

The plaintiffs were, at the relevant time, partners in partnerships with each other (Palmquist partnerships). Defendant Bryant was a partner in partnerships with each of the other defendants (Northcon partnerships). Two partnerships were then formed, each having as partners one Palmquist partnership and one Northcon partnership (Sacore I and Sacore II). Sacore I acquired rights in six lots in Folsom, California. The Sacore I agreements set forth the general intent of the partners, stating that "[t]his master agreement will govern the rights of the parties as to the undeveloped lots and subsequent Partnerships shall govern the rights of the parties as to the developed land and improvements created on the land."

Two of the lots were "spun off," one to Sacore III, a partnership of Northcon X and Palmquist X, and the other to Sacore IV, a partnership of Northcon XI and Palmquist XI. Then, Palmquist XV and Northcon XV formed Highland Associates I, a partnership to develop commercial property in Pacifica.

All of the Sacore and Highland partnerships consisted of two partners, one Palmquist partnership and one Northcon partnership. Separate agreements existed for each partnership, Sacore, Highland, Palmquist and Northcon,

each reviewed by attorneys for each partner and each signed by the appropriate partners.

In August, 1983, the Sacore Company, a Washington corporation, was incorporated for the purpose of paying soft construction costs and overhead expenses relating to real estate development, exploring development opportunities and making certain advances for the benefit of the various Sacore and Highland Partnerships.

Plaintiffs, Bryant, and Bryant's colleagues Izumi and Steele, signed a $500,000 promissory note (the note) to the Bank of California, dated December 20, 1983. The note expressly imposed joint and several liability. The individuals sought the loan in order to provide operating capital to Sacore Company to cover general operating expenses and expenses of Sacore and Highland partnerships. Proceeds of the note were placed in the Sacore Company bank account. The proceeds were disbursed by Sacore for development, overhead and advances to the various Sacore and Highland partnerships. The same seven individuals guaranteed a $250,000 letter of credit, dated March 16, 1984, made out to the account of Highland I.

The note became due on December 31, 1984, and was not paid. Bank of California threatened to sue plaintiffs and Bryant. In January, 1986, plaintiffs paid it.

On December 17, 1984, Bryant, Northcon VIII, Northcon IX, Northcon X and Northcon XI filed a complaint in Sacramento County Superior Court in California against Baugh Construction Company, Palmquist VIII, IX, X and XI and Harlan Patterson, Robert Baugh, Nick Westlund, William Dorsey, Larry Wiberg, Ronald Maddox and William Stone, alleging breach of partnership contract, conversion of partnership assets, fraud, accounting, and dissolution of partnership with respect to Sacore I, II, III and IV and Highland I. In the succeeding years, a panoply of lawsuits, cross-complaints and documents have been filed by the partners to the Sacore and Highland partnerships and others. In December, 1984, the various Palmquist partnerships and others filed a complaint in San Mateo County Superior Court, California, against Bryant, Sacore I, II, III and IV and Highland I, seeking an accounting and dissolution of each separate

Sacore and Highland partnership, alleging fraud and breach of fiduciary duty by Bryant.

The California lawsuits have been consolidated into one proceeding. Plaintiffs have not made a claim as individuals against Bryant for individual contribution on the note in any of the California pleadings.

The trial court tried the contribution claim first. Bryant asserted in his pleadings that the note had been paid, or, in the alternative, that the case should be stayed pending the outcome of the prior actions in California. At trial, although it had not been pleaded, the trial court allowed Bryant to argue that the Bank of California loan was obtained on behalf of several partnerships, and accordingly, that an accounting was required of the involved partnerships before contribution could be required. The trial court asked Bryant to identify the partnerships for which an accounting was required, and Bryant contended that they were Sacore I, II, III, IV, V, Highland I, Pano Association, Gradin Technology, St. Mary's and "Brand X." Bryant did not contend that there was one partnership of all those entities, but that the proceeds of the note had been disbursed to the individual partnerships and that an accounting should be traced through the disbursements. The court found:

> "1.  Plaintiffs and defendant Bryant were engaged from 1982 through the time the Bank of California loan was obtained in a joint venture for acquisition and development of real estate opportunities. They undertook various transactions, including but not limited to the formation of the various partnerships and corporations, to further the joint venture.
>
> "2.  The Bank of California loan, like the Baugh Construction Company loan and other loans, was obtained to further the joint venture and the individual partnerships formed in furtherance of the joint venture."

The court concluded:

> "3.  An accounting of the transactions of the joint venture, including but not limited to the affairs of the corporations and partnerships formed by the parties, must be had before contribution can be required of David Bryant."

We agree with plaintiffs that the court erred in requiring an accounting of an overriding joint venture. Although it is true

that, if the note had been the obligation of a partnership or joint venture, there would need to be an accounting of that partnership before any partner could claim contribution, *Kaufman v. Nolan*, 81 Or App 237, 724 P2d 912, *rev den* 302 Or 460 (1986), the pleadings and issues raised at trial do not conform to that view of this case.[1]

Bryant moved to file a second amended answer alleging that the note was an obligation of specific partnerships, and the trial court denied the motion. The only defenses raised and tried by Bryant were that the note had been paid or that the proceeding should be stayed pending the outcome of the California proceedings. Instead of reaching those issues, the court determined that there was an overriding joint venture, and that there must be an accounting with respect to that joint venture before the claim for contribution can be made. We conclude, accordingly, that the court should reconsider its decision in the light of the claims and arguments raised by the pleadings and at trial.

Reversed and remanded.

---

[1] Bryant did not file a respondent's brief.